## STATE ex rel. RILEY v. CITY OF LAWTON.

No. 12762—Opinion Filed March 18, 1924.

(Syllabus.)

**1. Municipal Corporations — Annexation of Territory—Consent of Property Owners.**

Under section 4463, Comp. Stat. 1921, property may be annexed to a city, when the territory to be annexed is divided into tracts of less than five acres, with more than one residence thereon, or when three sides of such territory is adjacent to, or abutting on, property already within the city limits, without the consent of the owners of residents of such territory, but, in all other cases, the territory cannot be annexed without the written consent in writing of the owners of a majority of the whole number of acres owned by residents of the territory to be added.

**2. Same.**

Territory cannot be annexed to a city under section 4463, Comp. Stat. 1921, where the same is not divided into tracts of less than five acres, or where such territory is not adjacent to, or abutting on, property already within the city limits, and where there are no resident owners of property within such territory.

**3. Schools and School Districts—Status as Corporate Entities—Change of Boundaries—Statutes.**

School districts in this state are separate corporate entities and exist separate and apart from cities and towns within which they exist. The statute prescribes the method for changing the boundaries of such districts, and the boundaries, liabilities, and privileges of such districts can be changed only by authority of express statute.

**4. Same—Annexation of Territory.**

Section 10405, Comp. Stat. 1921, provides the method for annexing territory to an independent school district and provides that the boundary of the school district from which the property is taken shall not be changed so that the assessed valuation of the original district shall be reduced more than five per cent.

**5. Same—Effect of Annexation of Territory to City.**

The annexation of territory to a city under section 4463, Comp. Stat. 1921, does not operate to annex the territory to the independent school district, when such change would result in a reduction of the taxable value of the original district more than five per cent.

Error from District Court, Comanche County; A. S. Wells, Judge.

Action by the State on relation of Fletcher Riley, County Attorney, against the City of Lawton. Judgment for the defendant, and plaintiff brings error. Reversed and remanded, with directions.

Fletcher Riley, Co. Atty., and Parmenter & Parmenter, for plaintiff in error.

A. Burleson, for defendant in error.

COCHRAN, J. This action was instituted in the name of the state upon the relation of the county attorney of Comanche county against the city of Lawton, for the purpose of preventing a parcel of land from being detached from school district No. 39 of Comanche county and added to the independent school district of the city of Lawton, and for the purpose of invalidating an ordinance passed by the city of Lawton, Okla., January 5, 1921.

The parcel of land involved herein is known as the Flat Iron tract, and adjoins the city of Lawton, and is owned entirely by the city of Lawton and the Rock Island Railway. The tract owned by the city consists of approximately 55 acres and the size of the tract owned by the railway is not stated, but consists of the right-of-way of the railroad across the land owned by the city. There are no residences on the land, except those of a few employes of the city, and the land is not platted into tracts of five acres or less and is not bounded on three sides by property now in the city of Lawton, but is adjacent to the city. Prior to the passage of the ordinance in controversy this land was embraced in school district No. 38 of Comanche county. On January 5, 1921, the city of Lawton passed an ordinance entitled:

"An ordinance making what is known as the 'Flat Iron Tract' and a portion of the Chicago, Rock Island & Pacific Railroad right of way, lying east of the North addition to the city of Lawton, a part of the said city of Lawton and declaring an emergency."

It is contended by the city of Lawton that by this resolution this Flat Iron Tract was added to the city of Lawton as a part of that city, and by reason of its incorporation within the city limits it was detached from school district No. 39 and became a part of the independent school district of Lawton. It was the contention of the plaintiff that the property was not added to the city of Lawton by the ordinance, or, if it was, it did not become a part of the independent school district of Lawton, but still remains a part of school district No. 39 for school purposes. A demurrer was filed to plaintiff's petition and was sustained by the trial court, from which the plaintiff has appealed.

The city of Lawton contends that the property was annexed to the city of Lawton under section 4463, Comp. Stat. 1921, which provides:

"The city council, in its discretion, may add to the city such other territory adjacent to the city limits as it may deem proper, and shall have power to increase or diminish the city limits in such manner as, in its judgment and discretion, may redound to the benefit of the city: Provided, that in no case shall any additional territory, except when subdivided into tracts or parcels of less than five acres, with more than one residence thereon, be added to the city limits without the consent in writing of the owners of a majority of the whole number of acres owned by residents of the territory to be added, except that when three sides of such additional territory is adjacent to, or abutting

on, property already within the city limits, such territory may be added to the city limits without the consent hereinbefore mentioned: Provided, further, that where the territory sought to be added is separated from the city limits by an intervening strip less than four rods in width upon the land so detached by such strip, shall be considered adjacent to or abutting within the meaning of this section; and Provided, further, that tracts of land in excess of forty acres shall not be subject to city taxes."

The petition alleged that the property was not subdivided into tracts and parcels of less than five acres with more than one residence thereon, and that the property sought to be annexed was not adjacent to or abutting on property already in the city limits on three sides, and that the ordinance which was passed was enacted without the consent in writing of the owners of a majority of the whole number of acres owned by residents of the territory to be added, and therefore the city council had no authority to annex the property under section 4463, supra. It is conceded by the city that the parcel of land was not divided into less than five-acre tracts, and that it was not adjacent to property already within the city limits on three sides, and that the consent in writing of the owners of a majority of the whole number of acres owned by residents of the territory to be added, was not procured, but it is contended that there are no owners of the property who reside upon it, and it was therefore impossible to procure the consent in writing of the owners of a majority of the whole number of acres owned by the residents of the territory to be added; as there were no such persons; That the court should hold that since the city and the Rock Island Railway Company owned all of the property and the Rock Island Railroad operates its railroad across the property, and the city owns and controls the remainder of the property, each should be held to be residents of the territory within the meaning and spirit of this statute; that since the city owns a majority of the whole number of acres in the territory affected, consent in writing was not necessary before the enactment of the ordinance annexing the territory. The statute contemplates that no property should be annexed to the city unless the conditions prescribed by the statute were met. Unusual and unexpected burdens are frequently imposed on people owning property adjoining cities by reason of the annexation of property which when acquired by the owners thereof was not subject to the various burdens borne by property in the city limits. Annexation of

such territory and the imposition of these additional burdens under proper statutes has been upheld, but the Legislature in enacting section 4463, supra, extended to property owners of this character a certain degree of protection, and it is right and just that such property should not be annexed where the conditions prescribed by the statute have not been met. The Legislature, realizing the advisability of the extension of city limits to include additions which had been subdivided into tracts of less than five acres with more than one residence thereon and tracts which are surrounded by property within the city limits on all but one side, authorized the annexation of such property without the consent of the property owners, but in all other cases provided that such annexation shall not be without the consent in writing of the owners of a majority of the whole number of acres owned by residents of the territory to be added. This last provision not only required consent in writing, but limits this consent to owners of property in the territory and to those owners who are residents of the territory. Residents of territory sought to be annexed who are not owners of property therein, and owners of property who are not residents of the territory, are not qualified to consent to the annexation. The Legislature evidently realized that the public interest and that of the owners of all the property in the affected district would be more fully protected if the annexation of property that had been subdivided into small tracts and which did not adjoin the city on three sides could be annexed only by the written consent of the owners of a majority of the whole number of acres affected who were residents therein, and who would be interested in all the additional burdens which would be imposed by the annexation, and would also be interested in the development of the community. In the instant case there were no persons qualified to sign the written consent; neither the city nor the Rock Island Railway can be considered as residents of this territory, within the meaning of the statute. This holding does not work any hardship when the territory is settled and dotted with industries, as suggested by the defendants; it will then be subdivided into tracts of less than five acres, with more than one residence thereon, or the city will expand so as to surround the land on all but one side, and in either case the property can be annexed without the consent of any one. It is our opinion that under the allegations of plaintiff's petition the ordinance passed is invalid and does not accomplish

the annexation of the Flat Iron Tract to the city of Lawton.

We are of the opinion that the petition stated a cause of action for another reason. School districts in this state are separate corporate entities, and exist separate and apart from cities and towns within the boundaries of which they may exist. The statutes prescribe the method for the formation of school districts and the method for changing the boundaries of such districts, and for attaching property thereto or detaching property from a district of which it was a part. These corporate entities, their privileges, liabilities, and boundaries can only be changed by authority of an express statute of the state. School District No. 7 v. School District of St. Joseph, Mo. (Mo.) 82 S.W. 1082; State v. Henderson, 145 Mo. 329.

Section 10405, Comp. Stat. 1921, provides:

"* * * That the boundary of any district shall not be changed in annexing territory to an independent district, or to a city or town, constituting an independent district, so that the assessed valuation of the original district shall be reduced more than five per cent of the assessed valuation."

The petition of the plaintiff alleged that the valuation of school district No. 39 would be reduced over 29 per cent. of the assessed valuation by the annexation of the territory to the independent school district. This section of the statute provides a method for annexing territory to an independent school district, and where, as in this case, the boundaries of the old school district would be changed so as to reduce the taxable valuation more than five per cent. the change cannot be permitted to stand. This statute deals with the particular question of changing the boundaries of school districts in annexing territory to independent districts, which is the identical question with which we are dealing here. As we have noted above this change of boundaries, privileges, and liabilities of an existing school district cannot be changed except by legislative authority. This statute has nothing to do with section 4463, Comp. Stat. 1921, which deals with the annexation of property to cities; the city, as such, is a separate corporate entitity from the school district, and the annexation of territory to the city under section 4463 does not operate as an annexation of the territory to the independent school district, when such change would violate section 10405. It is not essential that the boundaries of the city and the boundaries of the independent school district should coincide. Ordinarily the boundaries of the city will not extend beyond the boundaries of the independent school district, but if property should be annexed to a city under section 4473, supra, and the annexation thereof to the independent school district would operate to reduce the existing valuation of the district from which the property was taken more than five per cent. the boundaries of the school district would not be affected by the annexation of the property to the city.

We are not unmindful of section 10404, which provides:

"Each city of the first class, and each incorporated town maintaining a four years high school fully accredited with the State University, shall constitute an independent district and be governed by the provisions of this article."

This section of the statute is to be construed in connection with section 10405, and when so construed it cannot be said that the annexation of territory to a city operates as an annexation of the property to the independent school district, where such annexation would result in a reduction of more than five per cent. of the assessed valuation of the property of the district from which the property was taken.

For the reasons stated, we are of the opinion that the demurrer should have been overruled. The judgment of the trial court is reversed, and the cause remanded, with directions to overrule the demurrer and to proceed in accordance with the views herein expressed.

NICHOLSON, MASON, LYDICK, and WARREN, J. J., concur.