## W. D. WRIGHT PRODUCE CO. et al. v. CITY OF HOBART et al.

No. 23313.   Opinion Filed May 24, 1932.

Geo. L. Zink, for plaintiffs in error.

Clarence W. Hunter, City Attorney, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Kiowa county, dissolving a temporary injunction theretofore issued by that court and dismissing the plaintiffs' petition on the motion of the defendants. From that order the plaintiffs appealed to this court. Hereinafter the parties will be referred to as plaintiffs and defendants.

By their petition the plaintiffs sought to enjoin the defendants from proceeding with the annexation of certain territory embracing real estate owned by the plaintiffs to the corporate limits of the city of Hobart. They alleged that on the 8th day of December, 1931, the defendants "purported to pass an ordinance known as ordinance No. 847," by which they attempted to extend the city limits of the city of Hobart to include certain territory consisting of a part of what was known as Holcomb's addition to the city of Hobart. They contended that that ordinance was ineffective for the purpose for which it was intended. They further alleged that the city of Hobart was without power and authority to extend the city limits to include the territory embracing the property of the plaintiffs, for the reason that the extension hereinbefore referred to was illegal and void.

It appears from the record that if the extension of the city limits by virtue of the provisions of ordinance No. 847 was ineffective and void, three sides of the property of the plaintiffs was not adjacent to or abutting on property already within the city limits.

The plaintiffs contend that the defendants had no power or authority to extend the corporate limits of the city of Hobart, as was attempted to be done by ordinance No. 847, since there was no one residing on the property included therein. That contention was based on the provisions of section 4464, C. O. S. 1921, which the plaintiffs contend is applicable only where there are legal voters residing on the property. The plaintiffs cite

no decision of any court so construing the statute. We do not so construe the statute. If W. U. Baker was the owner of all of the property embraced within the provisions of ordinance No. 847, if he gave his written consent to the extension of the city limits to include that property, or if he requested such an extension, the defendants were authorized by law to extend the city limits to include the property by valid ordinance of the city. It is not contended that W. U. Baker did not own that property or that he did not give his consent to the inclusion of that property within the city limits.

The plaintiffs contend that the defendants had no authority under the provisions of section 4463, C. O. S. 1921, to extend the city limits to include the property sought to be included by the provisions of ordinance No. 848. That contention is based upon the fact that the property of the plaintiffs was not subdivided into tracts or parcels of less than five acres, with more than one residence thereon. The plaintiffs contend that under the provisions of section 4463, supra, city limits may not be extended to include property which is not subdivided into tracts or parcels of less than five acres, with more than one residence thereon. The plaintiffs admit that the decision of this court in State ex rel. Riley v. City of Lawton, 101 Okla. 176, 224 P. 347, is adverse to their contention. They say that the statement of law made in that opinion "was inadvertently made" and that it was "a statement in an opinion not necessary to the decision of the case." They cite no authority for the construction which they request this court to give to section 4463, supra. We think that the section should not be given such a construction. After the enactment of ordinance No. 847 and the taking effect thereof, three sides of the property of the plaintiffs are adjacent to, or abutting on property already within the city limits, and under the provisions of section 4463, supra, the limits of the city may be extended to include that property without the consent of the owners thereof, notwithstanding the fact that there is no residence thereon or the fact that it has not been subdivided into tracts or parcels of less than five acres. See Biggerstaff v. City of Altus, 114 Okla. 98, 243 P. 751; Barton v. Stuckey, Co. Treas., 121 Okla. 226, 248 P. 592, and Moore et al. v. City of Perry et al., 126 Okla. 153, 259 P. 133. In the latter case this court said:

"It thus appears that there was statutory authority for adding territory to the city of Perry at the time the ordinance of annexation in question was passed. It had the right to annex Porter addition, if the city then adjoined said addition on three sides, or if said addition was divided into tracts or parcels of less than five acres with more than one residence thereon."

By the provisions of section 4463, supra, the city council, in its discretion, is authorized to add to the city such territory adjacent to the city limits as it may deem proper. If the territory sought to be added to the city limits is "adjacent" to the city limits, authority to add it to the city is granted by the provisions of the section, with the provision that the consent in writing of the owners of a majority of the whole number of acres owned by residents of the property sought to be added is necessary, except when the property has been subdivided into tracts or parcels of less than five acres, with more than one residence thereon. There is a further provision in the section with reference to property "three sides of which is adjacent to, or abutting on, property already within the city limits." Such property may be added to the city limits without the consent of the owners thereof. Such property constitutes a class of property separate from that "adjacent" to the city limits and is limited to property "three sides of which is adjacent to, or abutting on, property already within the city limits."

We find no error in the judgment of the trial court, and that judgment is in all things affirmed.

RILEY, HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and CULLISON, J., absent.

Note.—See under (1), 19 R. C. L. 733.