## JOHN M. POTTER ET AL.
### v.
## BOARD OF SCHOOL TRUSTEES, etc.

1. SCHOOL OFFICERS—POWER TO ACT.—School officers derive all their authority from the statute, and can exercise no power not granted; they must be governed by the provisions of the statute.

2. CHANGE IN SCHOOL DISTRICTS—PETITION.—The petition in this case, asking for a change in the districts, was signed by five persons, but did not aver that they constituted two-thirds of the legal voters of the territory sought to be set off, nor that the districts from which they wished to be severed had

no bonded debt. In this it was radically defective. Neither did it aver in the language of the statute that they were not properly accommodated with school privileges. Merely saying that they "are without convenience to public schools" is hardly equivalent to the expression used in the statute.

3. TRUSTEES HAVE NO DISCRETIONARY POWER.—In a proceeding like this under the third clause of section thirty-three, of the statute relating to schools, the trustees must act when a proper petition is presented.

4. STATUTE REQUIRING MAP AND LIST TO BE FILED IS MANDATORY. —The statute requiring a map and list of tax-payers resident in the newly arranged district, upon a change of school districts, to be filed in the office of the county clerk, is mandatory, and compliance with its provisions is essential to the validity of any alterations of district boundaries.

5. CERTIORARI.—The common law writ of certiorari lies to review the proceedings of all inferior tribunals, in cases where they exceed their jurisdiction or proceed illegally, and there is no appeal or other mode of directly reviewing their proceedings. It will lie to review the action of school trustees in cases of proceedings under the statute to change the boundaries of school districts.

ERROR to the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed April 14, 1882.

Mr. HENRY C. GOODNOW, for plaintiffs in error; that the petition must conform to the statute, cited School Trustees v. The People, 71 Ill. 559; Trustees of Schools v. The People, 76 Ill. 623.

The powers of school trustees are limited to those expressly granted: Stevenson v. School Directors, 87 Ill. 255; Clark v. School Directors, 78 Ill. 474; School Directors v. Fogleman, 76 Ill. 189.

Certiorari will lie in this case: Miller v. Trustees, 88 Ill. 27; Com'rs v. Harper, 38 Ill. 103; Donahue v. County of Will, 100 Ill. ——.

Mr. J. B. KAGAY, and Mr. H. C. FELTMAN, for defendants in error; that the petition is a substantial compliance with the statute, cited Thompson v. Beaver, 63 Ill. 353; School Directors v. Trustees, 66 Ill. 247.

The statute requiring the filing of a map is directory merely: Munson v. Miller, 22 Ill. 594; School Directors v. School Directors, 73 Ill. 249.

The statute gives an appeal in such cases to the county superintendent: Laws 1877, 200.

Laying off territory into school districts is not a judicial, but ministerial act: C. D. & V. R. R. Co. v. Smith, 62 Ill. 268.

Certiorari will not lie where there is a right of appeal: The People v. Wilkerson, 13 Ill. 660; Doolittle v. G. & C. R. R. Co., 14 Ill., 381; C. & R. I. R. R. Co. v. Whipple, 22 Ill. 105.

Wall, J. The plaintiff in error filed in the Circuit Court of Marion county their petition for a common law writ of certiorari for the purpose of testing the validity of the proceedings of Trustees of Schools, T. 4, R. 3, etc., detaching certain territory from school districts No. 2 Union and No. 5, and adding the same to No. 1 Union. The circuit court held the petition insufficient and the propriety of this ruling is the only question for present consideration. It is alleged that this action of the trustees was invalid because no sufficient petition was presented to them for that purpose, and because there was not filed in the office of the county clerk, within ten days, a map showing the new arrangement, together with a list of tax. payers resident in the newly arranged districts. It is well settled, and no authorities need be cited in support of the proposition, that school officers derive all their authority from the statute, and must exercise no power not granted, and that they must be governed by the provisions of the statute.

At the time the order in question was made, the statutory provision in force on the subject was Sec. 33 of the school law, as amended by the act of 1877. The section permits the trustees to change districts in six enumerated cases, the third of which reads as follows: "Upon petition of two-thirds of all the voters in any territory, containing not less than five families, representing that they are not properly accommodated with school privileges, but will be by being added to another district, or formed into a new district, and upon a petition of a majority of the voters of such district, if any, it shall be the duty of the trustees of the township or townships in which said territory and district are situated, to set off such territory, *provided* that such change shall not be made when the district from which the petitioners desire to be severed, has a bonded debt."

The petition presented to the trustees in this instance, was signed by five persons representing that they were residents within said territory, and that they had families and children to send to school, but it does not aver that they constitute two-thirds of the legal voters of the territory, nor that the districts from which they wish to be severed, have no bonded debt. Nor does it show in the language of the statute that they are not properly accommodated with school privileges, but will be by the proposed change, saying merely that they "are without convenience to public schools." This is hardly equivalent to the expression used in the statute, but were the petition otherwise good, possibly the subsequent proceedings should not be held invalid for this cause alone. We think, however, that the other two objections are important and that the petition is radically defective. As was said by the Supreme Court in School Trustees v. The People, 71 Ill. 561, " every petition of this nature seeking to effect a division of a long-established school district, should make a case within the express provision of the statute, before the trustees can be required to act; " and in that case it was held that similar defects were fatal. It is true that case was a proceeding by mandamus to compel the trustees to make the desired change, but the principle involved applies as well here. The trustees can act only in pursuance of law; they can not be compelled to act unless the law is complied with in every substantial particular; nor are they permitted to act, until it is so complied with. They have no power to waive anything that is necessary to compel their action. They may not, as a matter of grace or favor take territory from one district, and add it to another. They may do this only in the cases provided by law, and whatever is essential to be done, before they are bound to act, they must require before they do act. They must know that the petition conforms to the law before they proceed. Trustees, etc. v. The People, etc., 76 Ill. 623. It is insisted however, by defendants in error, that by the sixth clause of Sec. 33, the trustees are invested with discretionary power to grant or refuse the prayer of the petition, and that there is an appeal to the county superintendent of schools.

Potter v. Board of Trustees.

We can not agree with this view.   As before said, this section gives the trustees authority to make alterations in six enumerated cases, and upon careful reading of the whole section we are convinced that the sixth clause or condition is not in any sense a limitation upon the third.   The cases specified are wholly unlike, and in proceedings under the third, as this was, the trustees must act when the proper conditions are presented. It is also urged by defendants in error that the provision requiring the filing of a map and list of tax-payers resident in the newly arranged districts, is not mandatory, but directory merely, and two decisions of the Supreme Court are cited. These decisions were made under a statute wholly unlike the present one, which expressly provides that "compliance with these requirements within said period, is hereby made essential to the validity of any alterations of district boundaries." This language is mandatory, and there is no room for construction.   It may be noticed, however, that probably the duty here made essential devolves upon the township treasurer, and not upon the clerk of the board of trustees.   The only remaining objection is that certiorari will not lie in the case here presented.   The well-established rule is that the common law writ of certiorari may issue to all inferior tribunals and jurisdictions where they exceed their jurisdiction, and in cases where they proceed illegally, and where there is no appeal or other mode of directly reviewing their proceedings.   See Miller v. Trustees, etc., 88 Ill. 27, and authorities there cited. We are clear that the case here made is within this rule.   The judgment is reversed and the cause remanded.

Reversed.