**FOWLER, County Superintendent, et al. v. GREEN et al.**

No. 9332—Opinion Filed Nov. 19, 1918.

(176 Pac. 222.)

1. **Schools and School Districts—Change in Territory of District—Notice.**

Territory outside the limits of any city or town within an independent school district may be detached from said independent school district when a petition is presented to the county superintendent signed by a majority of the qualified electors residing in said territory sought to be detached, and, if the county superintendent deems it to be for the best interest of the parties presenting said petition, he may enter an order detaching said territory, and such order does not require that the independent school district have notice of such intended action of the superintendent making such order.

2. **Same—Order Detaching Territory of District—Finality.**

An order made by the county superintendent detaching territory from an independent school district under section 2, art. 6, c. 219, Session Laws 1913, when a proper petition has been presented requesting such action, if no appeal is taken therefrom, after the expiration of 10 days becomes a final order.

(Syllabus by Davis, C.)

Error from District Court, Pottawatomie County; Chas. B. Wilson, Jr., Judge.

Action for injunction by R. C. Green and others against H. M. Fowler, County Superintendent, and others. Decree for plaintiffs, motion for new trial overruled, and defendants bring error. Affirmed.

W. F. Durham and Arrington & Arrington, for School Dist. No. 92.

Clyde G. Pitman, Co., Atty., for plaintiff in error Fowler.

T. G. Cutlip and Park Wyatt, for defendants in error.

Opinion by DAVIS, C. This action was commenced in the district court in and for Pottawatomie county, Okla., by the defendants in error, hereinafter referred to as "plaintiffs," against the plaintiffs in error, hereinafter referred to as "defendants," to obtain an injunction enjoining the defendants from assessing certain property formerly belonging to independent school district No. 92, and subsequently detached from school district No. 92 and attached to districts Nos. 30 and 30½. School district No. 92 is composed of the city of Tecumseh, Pottawatomie county, Okla., and certain adjacent lands

outside the city limits of said city which were prior to the institution of this action a part of independent district No. 92. On October 8, 1914, the plaintiffs filed a petition with the superintendent of Pottawatomie county, Okla., requesting that certain agricultural lands outside the city limits of the city of Tecumseh be detached from school district No. 92 and be attached to districts No. 30 and 30½. This petition was signed by all the parties interested in said proceedings. On October 27, 1914, the county superintendent after due consideration decided that it was for the best interest of the parties presenting said petition to have their lands detached from independent school district No. 92 and attached to districts Nos. 30 and 30½, and on the 27th day of October, an order was made by Miss Gladys Whittet, superintendent, detaching the territory occupied and owned by the petitioners from school district No. 92, and attached the same to districts Nos. 30 and 30½. No appeal was taken from this order, but on the 8th day of February, 1915, a motion was filed in the office of the county superintendent to set aside and hold for naught the order made in said cause. This motion was filed by the board of education of independent school district No. 92. No action was taken on this motion until the 2nd day of September, 1915, at which time H. M. Fowler had succeeded Miss Gladys Whittet as superintendent of said county.

Plaintiffs in this action appeared and filed objections to said motion being considered for the reason that H. M. Fowler had no authority to set aside and vacate the order formerly made and entered by Miss Whittet, relative to detaching the territory in question, for the reason that said order had become final after the expiration of 10 days from the date it was entered. These objections were overruled by Mr. Fowler, and on the 2d day of September, 1915, Mr. Fowler made an order vacating the order formerly made by Miss Whittet, and then re-adopted the order and detached the territory in controversy from independent district No. 92 to districts Nos. 30 and 30½. The order made and entered by Mr. Fowler was identical with the order made by Miss Whittet. Notice was served on H. M. Fowler, county superintendent, by the board of education of school district No. 92, that said district intended to appeal from his order entered on the 2d day of September, 1915. In due course of time an appeal was perfected to the board of county commissioners of Pottawatomie county. Timely objection was made to the consideration by the board of county commissioners for the reason that

said board had no authority to entertain said appeal. Said objection was overruled, and an order was made reversing and setting aside the order detaching the territory in controversy from school district No. 92, and attaching the same to districts Nos. 30 and 30½, and directing that the plat of said school district be changed in accordance therewith.

This action was instituted to enjoin the county superintendent from making such change and to enjoin the officials of Pottawatomie county from listing and assessing the property owned by plaintiffs as a part of the territory composing district No. 92. The board of education of the city of Tecumseh intervened in this action, and all questions pertaining to this controversy were heard and considered by the district judge of Pottawatomie county. At the conclusion of the evidence in said cause, a judgment and decree was entered permanently enjoining the defendants from changing the school plat and incorporating in school district No. 92 the property owned by the plaintiffs and included in the order made by Miss Whittet on October 27, 1914. A motion for a new trial was duly filed and overruled, and from the action of the court in refusing to vacate and set aside a judgment and decree an appeal has been prosecuted to this court to have the proceedings reviewed.

There is but one question presented for consideration in this case. It is urged by plaintiffs in error that the order made by Miss Gladys Whittet on the 27th day of October, 1914, was null and void for the reason that no notice was given to the board of education of the city of Tecumseh of the intended action of the county superintendent in said matter. This involves a construction of section 2, art. 6, c. 219, Session Laws 1913. The provision under which this proceeding was had is as follows:

"Territory outside the limit of any city or town within an independent district may be added to or detached from such city or town for school purposes upon petition to the county superintendent of public instruction by a majority of the qualified electors of the territory desiring to be attached to or detached from such city or town, and if he deem it proper and to the best interests of the school of such city and town he shall issue an order attaching such territory to or detaching such territory from such city or town for school purposes, and such territory shall after being attached, from the date of such order, be and compose a part of such city for school purposes only, and the taxable property of such adjacent territory shall be subject to taxation and shall bear its full proportion of all expenses in-

curred in the erection of school buildings and in maintaining the schools of such city; such attached territory shall be entitled to elect one member of the board of education who shall be elected at the same time that other members of the board are elected, by the qualified electors of such district, at an election to be held at such places as the board of education may designate."

It is admitted by plaintiffs in error that the provision above set out, and under which the superintendent proceeded, does not specifically provide that any notice shall be served on the district from which the territory is to be detached. The regularity of the proceedings is not called in question, other than that no notice was served on the board of education of the city of Tecumseh prior to the 27th day of October, 1914.

It is urged by counsel for defendants that this section of the statute should be construed together with the entire Code pertaining to the schools of this state, and that, while notice is not specifically provided, yet that it is contemplated that such notice should be given. This section of our statute relative to independent school districts was enacted by the state of Kansas, and was construed by Judge Brewer, in case of School District No. 57 v. Board of Education of Emporia et al., 16 Kan. 536. The constitutionality of this act was raised on the ground that it provided no notice to the district from which it was intended to detach property for school purposes, and Judge Brewer speaking of this phase of the case, stated the following rule:

"Nor is it necessary that notice be given to the school district. It has no such vested rights as to prevent the change of its boundaries without notice and a hearing before some tribunal. In this case it appears that one of the electors upon this territory appealed to the county commissioners from the order of the board of education, and they in consultation with the county superintendent modified somewhat the order of the board of education. But still it does not appear that the school district participated in or had any notice of any of the orders or proceedings, nor was notice, as we think, necessary."

The construction placed upon this statute by the Supreme Court of Kansas has been subsequently followed by that court. In the case of School District No. 36 of Montgomery County v. Board of Education of City of Independence, 102 Kan. 784, 171 Pac. 1154, this statute was again before the Supreme Court of Kansas, and Judge Dawson, speaking for the court, said:

"Under section 9129 of the General Statutes of 1915, territory outside a city of the second class but adjacent thereto may be annexed to the city school district on application of a majority of the electors in the territory proposed for annexation; and it is not necessary to exclude from such annexation any particular tract in such territory merely because no person owning or residing thereon joined in the application for annexation; nor is the validity of the proceedings affected by the fact that the school district from which the territory was detached had no notice of the application nor of the resolution annexing it to the city school district."

While this exact question has not heretofore been before this court for consideration, we are inclined to follow the construction placed upon this statute by the enacting state. It seems that there are two requisites necessary to obtain an order detaching territory from an independent district to another district. The first requisite is that a majority of the electors of said territory shall file a petition requesting said change to be made; another is that the county superintendent shall deem it to be for the best interest of the schools to make such change. In the instant case, every qualified elector in the territory sought to be detached from school district No. 92 and attached to districts Nos. 30 and 30½ signed the petition on which the county superintendent based her action. The order made on October 27, 1914, after the expiration of 10 days became final, and the attempted action of Mr. Fowler on the 2d day of September, 1915, to reopen the case for the purpose of giving the board of education of city of Tecumseh the right to appeal, was null and void. While the provision of the statute relative to independent districts provides that an appeal may be taken from the county superintendent from any order made relative to attaching or detaching territory, we are inclined to think that this provision has more application to the parties occupying the territory, which is sought to be detached from or attached to adjacent districts, than to the districts themselves.

It is urged here that the discretionary power given to the county superintendent is calculated to work a great hardship on school districts for the reason that it enables parties who are living in territory adjacent to the city limits and composing a part of an independent district to be detached therefrom and thereby escape the payment of such bonded indebtedness as may have been contracted while such parties composed a constituent part of said district. At first glance, this position seems tenable;

but the statute contains a salutary provision which prevents an injustice in this matter. A limitation is placed on the county superintendent so that he is not empowered to reduce the taxable property of any district more than 5 per cent. by detaching from an independent district.

We are therefore of the opinion that the action of Miss Gladys Whittet on the 25th day of October, 1914, was valid and binding, and, no appeal being taken therefrom within 10 days as provided by law, that the same became a final order at the expiration of 10 days, and therefore the defendants in this cause were without authority to exercise any control over the territory detached from school district No. 92 inconsistent with the order entered by Miss Whittet, and recommend that said judgment be affirmed.

By the Court: It is so ordered.