### COMMON SCHOOL DIST. NO. 32 et al. v. INDEPENDENT SCHOOL DIST. NO. 56 et al.

No. 10499.—Opinion Filed June 10, 1919.

(Syllabus by the Court.)

**1. Courts—Original Jurisdiction of Supreme Court—Certiorari.**

This court has power, under the provisions of section 2, art. 7, of the Constitution, to issue the common-law writ of certiorari, in cases where no appeal or proceeding in error lies, to bring up the record of commissions or boards created by law for review as to jurisdictional errors only.

**2. Schools and School Districts—Transfer of Territory—Certiorari—Jurisdiction of Supreme Court.**

Where, on appeal from an order of the county superintendent of public instruction transferring territory to an independent school district, under section 2, art. 6, c. 219, Session Laws 1913, the county commissioners exceed their jurisdiction in affirming the order, in that the territory transferred ex-

ceeds 5 per cent. of the assessed valuation of the district from which the territory is transferred, writ of certiorari will lie from this court, and the order of the board of county commissioners will be set aside.

Original proceeding for writ of certiorari by Common School District No. 32 and others against Independent School District No. 56 and others to review and vacate an order by the county superintendent of public instruction of Creek county, affirmed on appeal by the board of commissioners of Creek county, transferring certain parts of District No. 32 to District No. 56 of said county. Order of board of county commissioners set aside.

C. B. Rockwood and W. V. Pryor, for plaintiffs in error.

Speakman & Murrell, for defendants in error.

KANE, J. This is an original proceeding for a writ of certiorari for the purpose of having this court review and vacate an order made by the county superintendent of public instruction of Creek county and affirmed on appeal by the board of county commissioners of Creek county, transferring certain portions of common school district. No. 32 of Creek county to independent school district No. 56 of said county.

Section 2, art. 6, c. 219, Session Laws 1913, and section 11, art. 2, c. 219, Session Laws 1913, together provide that appeal may be taken from the action of the county superintendent of public instruction transferring territory to an independent school district to the board of county commissioners, and that the decision of the county commissioners shall be final. There being no appeal or other adequate remedy, the writ of certiorari will lie to bring up the record of commissions or boards created by law for review as to jurisdictional errors only. Baker v. Newton et al., 22 Okla. 658, 98 Pac. 931; In re Benedictine Fathers of Sacred Heart Mission, 45 Okla. 358, 145 Pac. 494; Tiger et al. v. Creek County Court et al., 45 Okla. 701, 146 Pac. 912; Parmenter v. Ray, 58 Okla. 27, 158 Pac. 1183; Grady County v. Chickasha Cotton Oil Co., 63 Oklahoma, 164 Pac. 457, 458; Southern National Bank v. Wallace, 63 Oklahoma, 164 Pac. 461, 462.

" 'Jurisdiction' is the power to hear and determine the subject-matter in controversy between parties to an action or in a statutory proceeding; to adjudicate or exercise any judicial power over them. It does not relate to the rights of the parties, as between each other, but to the power of the court." Parmenter et al. v. Ray, supra.

It is the contention of the petitioners that the board of county commissioners exceeded its jurisdiction in affirming an order of the county superintendent of public instruction transferring a portion of the territory of common school district No. 32 to independent school district No. 56. Section 2, art. 6, c. 219, Session Laws 1913, which provides for the transfer of territory to an independent school district, contains the following proviso:

"* * * And provided, further, that the boundary of any district shall not be changed in annexing territory to an independent district, or to a city or town, constituting an independent district, so that the assessed valuation of the original district shall be reduced more than five per cent. of the assessed valuation."

It is stipulated by the parties to the proceeding that making the proposed transfer would reduce the assessed valuation of common school district No. 32 more than 5 per cent. Counsel for defendants state that they are unable to find any law to sustain the position of the defendants, and ask that they be not required to file brief. It seems clear that the board of county commissioners has exceeded its jurisdiction, and that the order made by it affirming the order of county superintendent of public instruction transferring territory from common school district No. 32 to independent school district No. 56 is void. Counsel stipulate that the issuance of the writ of certiorari may be waived, and the case submitted upon an agreed statement of facts.

The board of county commissioners of Creek county having exceeded its jurisdiction, its order affirming the order of the county superintendent of public instruction, which order was also void, is a nullity, and the same is hereby set aside.

OWEN, C. J., and RAINEY, HARRISON, and JOHNSON, JJ., concur.