**COMMON SCHOOL DISTRICT No. 49 et al. v. WOLFE, Co. Supt., et al.**

No. 12237—Opinion Filed Dec. 4, 1923.

1. **Schools and School Districts—Attaching Territory to Independent Districts—Statutes.**

When a county superintendent, upon a petition of a majority of the qualified electors of a common school district to have such district attached to an independent district, makes such order, section 10405, Compiled Statutes of Oklahoma, 1921, which provides that the boundaries of any district shall not be changed in annexing territory to an independent district, or to a city or town constituting an independent district, so that the assessed valuation of the original district shall be reduced more than five per cent. of the assessed valuation, does not apply; the original district having been disorganized, and all of its territory annexed to an independent district for school purposes only.

2. **Same—Procedure—Notice.**

The procedure for annexing territory of a common school district to an independent school district is under the provisions of section 10405, Compiled Statutes 1921, and it is not required by any of the provisions of said section that notice thereof be given.

3. **Same—Finality of Order Unappealed.**

An order made by a county superintendent attaching a common school district to an independent school district under section 10405, Compiled Statutes 1921, when a proper petition has been presented requesting such action, if no appeal is taken therefrom, after the expiration of ten days becomes a final order.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Alfalfa County; James B. Cullison, Judge.

Proceeding for writ of certiorari by Common School District No. 49 against Chas. C. Wolfe, County Superintendent of Public Instruction of Alfalfa County, and others, to review and vacate an order by the county superintendent attaching Common School District No. 49 to Independent District No. 4, Alfalfa County. Writ refused, and plaintiffs bring error. Affirmed.

Hill & Kirkendall, for plaintiffs in error.

Webster Wilder, for defendants in error.

Opinion by PINKHAM, C. On November 23, 1920,. there were three separate actions filed in the district court of Alfalfa county; the three cases being similar; in fact, the said cases were, by agreement of counsel, and by order of the court, consolidated for the purpose of trial and appeal.

Each of said actions were based upon a petition for writ of certiorari, wherein the court was asked to review the action of Charles C. Wolfe wherein he attached common school districts to independent school districts.

In each of the three cases the writ was issued by the district court and answer and response was made by the defendant. A trial was had and the district court denied the writ, and from this order proceedings in error were filed in this court.

On January 19, 1923, one of these cases, No. 2011 in the trial court, was dismissed by agreement of parties and by order of this court; and on October 9, 1923, another of said cases, No. 2012 in the trial court, was also dismissed on motion of the plaintiffs in error.

The case No. 2013 in the trial court, common school district No. 49 against Charles C. Wolfe, county superintendent of public instruction of Alfalfa county, and the board of education of the town of Jet, remains for disposition at this time.

In respect to the act of the county superintendent in attaching common school district No. 49 to independent school district No. 4, known as the Jet district, the record discloses the following facts: The county superintendent filed a certified copy of his proceedings, which shows that a petition was filed with him on March 29, 1919, in which the following language was used:

"And we hereby petition you to change said district boundaries as follows: (1) By attaching all of school district No. 49, county of Alfalfa, state of Oklahoma, to consolidated district No. 4 of said county; (2) by disorganizing said district No. 49, Alfalfa county, Oklahoma."

Thereafter and on the same day the county superintendent made an order, which is certified to as correct by him, in which the following language is used:

"I do hereby declare and order disorganized, and I hereby attach the territory comprising said district No. 49 to consolidated district No. 4, Alfalfa county, Oklahoma."

The record discloses that it was stipulated and agreed by and between the attorneys for the plaintiffs and defendants that the towns of Carmen, Aline, and Jet are each incorporated towns, maintaining a four years high school course, fully accredited with the State University of the state of Oklahoma, and that the school districts therein are what is known under the law as independent school districts.

The record discloses that on the 23rd day of April, 1919, the county superintendent notified in writing the secretary of the board of education of the town of Jet, and the clerk of school district No. 49, that he had attached school district No. 49 to independent school district No. 4, Alfalfa county, and that this action was taken by him on the 29th day of March, 1919, in response to a petition signed by more than 50 per cent. of the legal voters of said district No. 49 for such attachment.

The only proposition discussed in the brief of plaintiffs in error is whether or not the county superintendent can attach a common school district to an independent district upon a petition signed by more than 50 per cent. of the legal voters of such common school district.

The argument is that the school district boundaries can be changed upon proper petition, but only after 20 days' notice has been given by a written notice posted in at least five public places in the district affected.

The law relied upon by plaintiffs in error is chapter 219, Session Laws 1913, and particularly article 2, section 11 of said article (sec. 10321, Comp. Stat. 1921). This section applies to the procedure and acts of the county superintendents in attaching territory to common school or consolidated school districts from other common or consolidated school districts, and provides for the annexation of territory to common and consolidated school districts by the county superintendent "upon a petition to him signed by at least one-third of the qualified electors of the district petitioning for the change"; and further provides that the county superintendent shall attach territory to common school districts:

"Only after twenty days notice thereof, by written notice posted in at least five public places in the district or districts so affected, and that one-fourth of the qualified electors of any district affected by such change may join. in and appeal to the board of county commissioners from the action of such county superintendent, and their decision shall be final."

Defendants contend that only section 10,-405, Comp. Stat. 1921, applies to the procedure and acts of county superintendents in adding territory to independent school districts, and that section 10321, supra, cannot apply.

Section 10405, supra, provides for the annexation of territory to independent districts by county superintendents "upon petition to him by a majority of the qualified electors of the territory desiring to be attached to or detached from each city or town." This section makes no provision for notices to be given by posting or otherwise by the county superintendent. All that section 10405 provides is that whenever such a petition signed by a majority of the qualified electors is filed with the county superintendent, then:

"If he deem it proper and to the best interests of the school of such city or town, he shall issue an order attaching such territory to or detaching such territory from such city or town for school purposes, and such territory shall after being attached from the date of such order, be and compose a part of such city for school purposes only."

In the case of Fowler et al. v. Green et al., 73 Oklahoma, 176 Pac. 222, the syllabus is as follows:

"Territory outside of the limits of any city or town within an independent school district may be detached from said independent school district when a petition is presented to the county superintendent signed by a majority of the qualified electors residing in said territory sought to be detached, and, if the county superintendent deems it to be for the best interests of the parties presenting said petition, he may enter an order detaching said territory, and such order does not require that the independent school district have notice of such intended action of the superintendent making such order.

"An order made by the county superintendent detaching territory from an independent school district under section 2, article 6, chapter 219, Session Laws 1913, when a proper petition has been presented requesting such action, if no appeal is taken therefrom after the expiration of ten days becomes a final order."

We are of the opinion that section 10405, supra, controls the annexation by independent districts of adjacent territory for school purposes, rather than section 10321, as contended for by plaintiffs, and that the order of the county superintendent is appealable, and such appeal must be taken within ten days of the date of the order; if

not so appealed, said order becomes final after ten days from its making.

In the instant case it is admitted by all parties that the defendant independent districts are the independent districts of the incorporated towns of Aline, Carmen, and Jet, each of which districts maintain a four years high school course, fully accredited with the State University.

Section 10404, Comp. Stat. 1921, provides:

"Each city of the first class, and each incorporated town maintaining a four years high school, fully accredited with the State University shall constitute an independent district and be governed by the provisions of this article.

Section 10405, Comp. Stat. 1921, provides:

"Provided, that if any party or parties should object to the changing of the school district boundaries, they shall have the right of appeal as provided for appealing from the decision of such county superintendent in changing the boundaries of other school districts."

The record discloses that no appeal was taken from this order of the county superintendent to the board of county commissioners. Counsel for plaintiffs in error say in their brief that no appeal was taken for the reason that no notice was given or posted by the county superintendent that he intended to make such an order, and no opportunity for an appeal to the county commissioners was given; and, further, it is contended that the fact that no appeal was taken is in no way decisive of the question involved as the order of the county superintendent is wholly void.

In support of this proposition the cases of Woolsey et al. v. Nelson, 43 Okla. 97, 141 Pac. 436, and Common School District No. 32 et al. v. Independent School District No. 56 et al., 75 Okla. 70, 181 Pac. 938, are cited.

In the Woolsey Case, supra, the question considered was one affecting annexation of a common school district to a common school district and is therefore not applicable to the facts disclosed by the record in the instant case.

The question decided in Common School District No. 32, supra, was that the board of county commissioners exceeded its jurisdiction in affirming an order of the county superintendent transferring a portion of the territory of a common school district to an independent school district.

Section 2, article 6, chapter 219, Session Laws 1915 (section 10405, Comp. Stat. 1921),

which provides for the transfer of territory to an independent school district, contains the following proviso:

"And provided, further, that the boundaries of any district shall not be changed in annexing territory to an independent district, or to a city or town, constituting an independent district, so that the assessed valuation of the original district shall be reduced more than five per cent of the assessed valuation."

It appears in the case cited that the proposed transfer would reduce the assessed valuation of the common school district there involved more than five per cent, and it was held in that case that the order of the board of county commissioners affirming the order of the county superintendent was void and the same was set aside.

The facts in that case are not analogous to the facts to the case at bar. It is clearly disclosed in the record of the instant case that more than 50 per cent. of the qualified electors of common school district No. 49 filed a petition with the county superintendent of public instruction to attach the entire common school district to the independent school district.

The five per cent. proviso of section 10,-405, supra, was clearly intended to prevent the crippling of a common school district by reducting its assessed valuation over five per cent. The statute without question was designed to reach the case of a common school district with an insufficient budget induced by the reduction of its assessed valuation over five per cent, but when the entire school district is attached to another district with a much greater assessed valuation than the district attached, the reason for the proviso does not exist, and it would seem was not intended to apply to such as this where it cannot be said that the district has been reduced, but completely absorbed into the independent district.

To say that an order of the county superintendent annexing an entire common school district adjoining an independent district of a city of the first class, or incorporated town, maintaining a four years high school, fully accredited with the State University, when such order upon a petition signed by more than 50 per cent. of the qualified electors of the territory desiring to be attached to such city or town for school purposes only, is wholly void, and that therefore it is not necessary for any party objecting to such order to appeal from the decision of the county superintendent, would be to attribute to the Legislature an intention to prohibit a common school district situated as in this case to enjoy the advantges and facilities possessed by an independent school district. We do not think such an intention can be gathered from any section of the school code applicable to the instant case.

We are therefore of the opinion that the trial court did not err in refusing to issue the writ of certiorari in this cause, and that the judgment should be affirmed.

By the Court: It is so ordered.