**SCHOOL DIST. NO. 9 of TULSA COUNTY v. BOARD of COM'RS of TULSA COUNTY.**

No. 20109.    Opinion Filed Sept. 24, 1929.

Everett Petry, for petitioners.

Louis W. Pratt and Allen, Underwood & Canterbury, for respondents.

RILEY, J. A writ of certiorari was awarded petitioner, who seeks to avoid an order of the county superintendent of Tulsa county, approved on appeal, by the board of county commissioners of Tulsa county, abolishing and dissolving common school district No. 9 and attaching the territory comprising said district to independent school district No. 22 (city of Tulsa) and independent school district No. 27 (town of Jenks), both located within Tulsa county.

The petitioner contends: (1) Said orders were void for want of jurisdiction in that no proper petition was filed by the qualified electors of the territory affected, to invoke the jurisdiction of the county superintendent or board of county commissioners; and (2) that the orders as made exceed the jurisdiction of those officers so acting.

The records are now presented, showing that on August 31, 1928, petitions signed by a majority of the qualified electors of school district No. 9 were presented to Honorable A. G. Bowles, county superintendent of Tulsa county, requesting that the territory embraced within school district No. 9 be by said official annexed to adjacent independent school districts in the particulars as they, by the order complained of, were subsequently annexed.

The records further show that this matter of dissolution and annexation of the territory embraced in school district No. 9 was appealed to the board of county commissioners of Tulsa county, heard by them, and on September 12, 1928, affirmed.

It is stipulated in the record that the portion of school district No. 9 attached to independent district No. 22 (Tulsa) contains 52 per cent. of the taxable value of the district and that portion attached to independent district No. 27 (Jenks) contains 48 per cent. of the taxable value of the school district disorganized.

These proceedings were instituted under the provisions of section 10405, C. O. S. 1921, which, in part, reads as follows:

"Territory outside the limit of any city or town within an independent district may be added to or detached from such city or town for school purposes upon petition to the county superintendent of public instruction by a majority of the qualified electors of the territory desiring to be attached to or detached from such city or town, and if he deem it proper and to the best interest of the school of such city or town, he shall issue an order attaching such territory to or detaching such territory from such city or town for school purposes, * * * and provided, further, that the boundary of any district shall not be changed in annexing territory to an independent district, or to a city or town, constituting an independent district, so that the assessed valuation of the original district shall be reduced more than five per cent. of the assessed valuation."

Under the circumstances here involved, the filing of a petition with the county superintendent, signed by a majority of the qualified electors of the territory sought to be annexed, is jurisdictional. State ex rel. Riley v. City of Lawton, 101 Okla. 176, 224 Pac. 347; Mills v. Lynch, 121 Okla. 101, 247 Pac. 981; Consolidated School Dist. No. 72 v. Board, etc., 113 Okla. 217, 242 Pac. 173; School Dist. No. 17, Rogers County, v. Eaton, 97 Okla. 177, 223 Pac. 857.

It is contended that the petition here presented is void and insufficient, "in that said petitioners residing in the area annexed to independent school district 22 (if any in fact reside therein) petitioned that other territory in which they did not reside be annexed to independent district 27, which they had no right to do. The same thing may be said of those petitioners, if any, who resided in the area annexed to independent district 27 and petitioned for the annexation to independent district 22 of territory in which they did not reside" (brief of pet. p. 5).

The records show that 284 qualified electors resided in said school district 9 on the date of filing the petitions and that 172 of such electors' signatures appeared on such petitions. There is no showing in regard to the place of residence of the petitioners within said district. The petitions merely show on their face, and the findings based thereon are simply, in effect, that the same were signed by "a majority of the qualified electors of said district." That, in our judgment, is insufficient under facts as here presented. Let us look to the statute, for the change of boundaries, the annexation and dissolution of school districts are to be governed only by authority of express statute.

Section 10405, supra, provides:

"Territory outside the limits of any city or town, within an independent district, may be added to or detached from such city or town for school purposes upon petition * * * by a majority of the qualified electors of

the territory desiring to be attached to or detached from such city or town. * * *"

The requirement of the statute, as a condition precedent to annexation, is a petition "by a majority of the qualified electors of the territory desiring to be attached to * * * such city or town." Had the whole territory . been attached to an adjacent city or town, another situation would be presented, but here the requirement of the statute is not met, for we have no way of knowing whether a majority of the electors of the territory annexed either to Tulsa independent district or to Jenks independent district signed the petition, which we have held was jurisdictional. The majority who signed the petition were of the whole district; the statute recognizes integral parts of the whole and requires a majority of electors of the territory affected by the change. It may be urged that the whole district was in fact affected by the virtual dissolution, but such argument is not in view of the statute, which recognizes a majority rule in the part of the district designated as "territory." The use of "or" is significant as contained in the statute; by its use a restriction is placed upon such a petition; as here presented, "or" is used in a disjunctive sense; such meaning is well defined: "or, conj. a co-ordinating particle that marks an alternative. * * *" (Webster).

The petition before us is conjunctive in its nature, i. e., it directed some territory to be annexed to Tulsa and other to Jenks. Such use is violative of the word above set out in the statute and it is violative of the majority rule requirement contained in the words as well as the spirit of the statutory provision, supra.

It is not necessary to discuss the other contention presented. The case of Common School Dist. No. 39 v. Wolfe, Co. Supt., 94 Okla. 87, 221 Pac. 42, bears upon that matter.

· We, therefore, hold the acts and orders relative to dissolution and annexation of the territory embraced in school district No. 9, as above set out, to be illegal and void.

We are loath to disturb moves on the part of the people who seek to enjoy better educational advantages. We abhor the resulting chaotic condition necessarily to follow a false step in governmental consolidations, yet we see no excuse for failure to follow the plain provisions of the law, and we are determined to decline nullification of law for the sake of harmony.

Writ granted.

MASON, C. J., LESTER, V. C. J., and CLARK, HUNT, HEFNER, CULLISON, and SWINDALL, JJ., concur.