## PROTEST OF HAMILTON.

No. 23950. Opinion Filed June 13, 1933.

W. L. Coffey, Co. Atty., and Hugh Webster, Asst. Co. Atty., for protestee (plaintiff in error).

Everett Petry and Carl H. Ravis, for protestant (defendant in error).

ANDREWS, J. This is an appeal by the protestee from a judgment of the Court of Tax Review sustaining a protest of taxes sought to be levied by consolidated school district No. 1 of Tulsa county for the fiscal year commencing July 1, 1931.

The cause was submitted on an agreed statement of facts from which it appears that on June 30, 1931, there was detached from consolidated school district No. 1 of Tulsa county and attached to independent school district No. 22 of Tulsa county cer-

tain territory having a taxable value of $1,434,157, leaving remaining in consolidated school district No. 1 territory having a taxable value of $1,373,791; that at the time of the detachment of said territory there was existing outstanding bonded indebtedness of consolidated school district No. 1; that the county excise board fixed the rate of levy for sinking fund purposes of consolidated school district No. 1 for the fiscal year in question at the rate of 9.6 mills, which rate was levied on the property remaining in consolidated school district No. 1 and which rate was based on the valuation of consolidated school district No. 1 after the territory was detached as aforesaid, and that if the valuation of the property in consolidated school district No. 1 prior to the detachment of the territory as aforesaid had been used as a basis for computation, the rate of tax levy for sinking fund purposes would have been 4.696 mills. The protesting taxpayer owned property within consolidated school district No. 1 which was not detached as aforesaid.

The Court of Tax Review held that the property remaining in consolidated school district No. 1 could only be charged with its pro rata share of the bonded indebtedness of the school district, and it made an order reducing the rate of levy for sinking fund purposes of consolidated school district No. 1 to 4.696 mills. The protestee appealed to this court.

Herein the plaintiff in error presents a number of contentions, all of which are based on the validity of the transfer of the territory. Under the conclusion we have reached with reference to the validity thereof, we decline to determine any of those contentions.

The defendant in error contends that the transfer was illegal and void by reason of the provision of section 6860, O. S. 1931, as follows:

" * * * and provided, further, that the boundary of any district shall not be changed in annexing territory to an independent district, or to a city or town, constituting an independent district, so that the assessed valuation of the original district shall be reduced more than five per cent. of the assessed valuation."

In answer to that contention, the plaintiff in error says:

"Now the fact that more territory was detached than is permitted by section 10405, C. O. S. 1921, is beside the point. That same section provides that any party or parties objecting to the change of school district boundaries shall have the right of appeal from the decision of the county superintendent. Protestant did not avail herself of that remedy."

We can scarcely see how an appeal could have been perfected from the order detaching the territory, which was made on June 30, 1931, in time to prevent making a tax levy as of July 1, 1931. But, be that as it may be, we find and hold that the order detaching the territory from consolidated school district No. 1 was and is void, inoperative, and of no effect, for the reason admitted by the stipulation, that it was in clear violation of the statutory provision in that, by that order, there was sought to be detached from consolidated school district No. 1 property of more than 50 per cent. of its taxable valuation.

Section 6860, supra, section 10405, C. O. S. 1921, was adopted as section 2, article 6, chapter, 219, Session Laws 1913, which chapter was an act prescribing laws for the government of the common schools of Oklahoma and repealing conflicting laws. In effect it was a complete school code consisting of 17 articles. Article 6 thereof related to "Independent Districts—Cities and Towns." Section 2 of that article has been under consideration of this court a number of times.

In Fowler, Co. Supt., et al. v. Green et al., 73 Okla. 319, 176 P. 222, it was held that a county superintendent might make an order detaching territory from an independent school district without notice to the independent school district, and in explanation of that holding it said:

"It is urged here that the discretionary power given to the county superintendent is calculated to work a great hardship on school districts for the reason that it enables parties who are living in territory adjacent to city limits and composing a part of an independent district to be detached therefrom and thereby escape the payment of such bonded indebtedness as may have been contracted while such parties composed a constituent part of said district. At first glance, this position seems tenable; but the statute contains a salutary provision which prevents an injustice in this matter. A limitation is placed on the county superintendent so that he is not empowered to reduce the taxable property of any district more than 5 per cent. by detaching from an independent district."

In Common School Dist. No. 32, et al. v. Independent School Dist. No. 56 et al., 75 Okla. 70, 181 P. 938, it was stipulated that the proposed transfer of the territory

would reduce the assessed valuation more than 5 per cent. This court said:

"It seems clear that the board of county commissioners has exceeded its jurisdiction, and that the order made by it affirming the order of county superintendent of public instruction transferring territory from common school district No. 32 to inpendent school district No. 56 is void" and held: "The board of county commissioners of Creek county having exceeded its jurisdiction, its order affirming the order of the county superintendent of public instruction, which order was also void, is a nullity, and the same is hereby set aside."

In State ex rel. Riley v. City of Lawton, 101 Okla. 176, 224 P. 347, this court said:

"The petition of the plaintiff alleged that the valuation of school district No. 39 would be reduced over 29 per cent. of the assessed valuation by the annexation of the territory to the independent school district. This section of the statute provides a method for annexing territory to an independent school district, and where, as in this case, the boundaries of the old school district would be changed so as to reduce the taxable valuation more than 5 per cent., the change cannot be permitted to stand. This statute deals with the particular question of changing the boundaries of school districts in annexing territory to independent districts, which is the identical question with which we are dealing here." And held: 'Section 10405, Comp. Stat. 1921, provides the method for annexing territory to an independent school district, and provides that the boundary of the school district from which the property is taken shall not be changed so that the assessed valuation of the original district shall be reduced more than five per cent."

Under the rule stated in Consolidated Sch. Dist. No. 72 v. Board of Ed. of City of Wilson et al., 113 Okla. 217, 242 P. 173, there was no jurisdiction to enter the order detaching the territory. That order was void, and there was no error on the part of the Court of Tax Review in computing the rate of levy of consolidated school district No. 1 for sinking fund purposes on the valuation of the property in that district without reference to the order by which a part of that territory was sought to be detached therefrom.

In view of the complication that exists, the Court of Tax Review is directed to make an order directing that the levy for sinking fund ppurposes of consolidated school district No. 1. be spread on the tax rolls against all of the property comprising consolidated school district No. 1, including that portion of the territory which was sought to be detached therefrom.

It is further ordered that time for filing a petition for rehearing herein is limited to ten days from this date.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur, OSBORN, J., absent.