CONSOLIDATED SCHOOL DISTRICT NO. 41 et al. v. DACUS, County Supt.

No. 30128.    Sept. 30, 1941.

*117 P. 2d 508.*

Meacham, Meacham & Meacham, of Clinton, for plaintiffs in error.

Arney & Barker, of Clinton, for defendant in error.

ARNOLD, J. On the 31st day of July, 1940, a petition to alter school district boundaries was filed with the superintendents of Roger Mills and Custer counties. It was requested therein that an election be called for the purpose of detaching a certain territory described therein from Pie Flat consolidated school district No. 41 and attaching the same to independent school district No. 66. The petition was signed by 21 legal voters residing in the territory described therein, and such signatures constituted a majority of the qualified electors.

Thereafter, on August 13, 1940, the plaintiffs filed this action against the defendant, the county superintendent of Custer county, seeking to enjoin the calling of a vote of the electors in said area for the purpose of voting on whether or not said area be detached and to enjoin the detachment of said area from consolidated school district No. 41.

At the trial it was stipulated that there were 23 legal voters and that 21 of said legal voters signed the petition; that the assessed valuation of consolidated school district No. 41 would not be reduced more than 5 per cent by detaching said territory; that after detaching said territory the valuation of the remaining part of said consolidated school district No. 41 would be in excess of $200,000. The trial resulted in a judgment for the defendant, from which judgment plaintiffs appeal.

The procedure for annexing territory of a consolidated school district to that of an independent school district is under the provisions of section 6860, O. S. 1931, as amended by article 9, chapter 34, S. L. 1937, 70 Okla. St. Ann. § 182. Common School District No. 49 v. Wolfe, 94 Okla. 87, 221 P. 42; School District No. 65 of Payne County v. Board of Commissioners of Payne County, 148 Okla. 5, 296 P. 483; School District No. 9 of Tulsa County v. Board of Commissioners of Tulsa County, 138 Okla. 254, 280 P. 807. A county superintendent is compelled upon the presentation of a sufficient petition to call an election for the purpose of determining the question of the proposed change of school district boundaries as provided in article 9, chapter 34, S. L. 1937, supra, and mandamus is available should the county superintendent refuse to call such an election. Musick v. State ex rel. Miles, 185 Okla. 140, 90 P. 2d 631; Dowell v. Board of Education of Oklahoma City, 185 Okla. 342, 91 P. 2d 771.

Article 9, chapter 34, S. L. 1937, 70 Okla. St. Ann. § 182, is not unconstitutional on the ground that it attempts to delegate legislative power. The fixing of boundaries of a school district is a local affair which may be left to the will of the people under a general law providing for the creation of school districts throughout the state. Dowell v.

Board of Education of Oklahoma City, supra.

Under article 9, chapter 34, S. L. 1937, supra, the county superintendent has no discretion. The county superintendent must call an election upon the presentation of a petition signed by a majority of the legal voters in the area which is sought to be detached from the consolidated school district and attached to the independent school district; and upon a majority vote of those same voters in said area for the attachment, it becomes his mandatory duty to issue an order attaching such territory. It was not error for the trial court to sustain objections to testimony by the county superintendent of Custer county that said detachment would not conform to the topography and geography or physical features of the territory involved; and that such detachment would seriously hamper and impair said school district No. 41 in its transportation and other operations; and also it would not be for the best interests of the school district or its pupils. The legal voters in said area determined this question. Musick v. State ex rel. Miles, supra; Dowell v. Board of Education of Oklahoma City, supra.

The petition requesting the election, presented to the county superintendent, was sufficient and definite both as to the purpose thereof and as to the description of the lands affected thereby, and complies with section 6860, O. S. 1937, as amended by article 9, chapter 34, S. L. 1937, supra.

The injunction should have been denied. Judgment affirmed.

RILEY, BAYLESS, GIBSON, and HURST, JJ., concur.