C. E. GRADY, County Superintendent of Schools of Oklahoma County, State of Oklahoma, Plaintiff in Error,

v.

O. R. MARSHALL and all other persons similarly situated, Defendants in Error.

No. 36780.

Supreme Court of Oklahoma.

Oct. 18, 1955.

———◆———

Granville Scanland, County Atty., Oklahoma County, by Nathan S. Sherman, Assistant County Atty., Oklahoma City, Rob-

ert H. Sherman, M. M. Thomas, Oklahoma City, for plaintiff in error.

Leon Shipp, Robinson, Shipp, Robertson & Barnes, Oklahoma City, for defendants in error.

HALLEY, Justice.

O. R. Marshall, for himself and the other qualified electors in Dependent School District No. 46, in Oklahoma County, filed this action in the District Court of Oklahoma County seeking a Writ of Mandamus against C. E. Grady, County Superintendent of Schools, requiring him to call an election for the purpose of annexing all of Dependent School District No. 46 to three adjoining Districts, being Dependent School District No. 35, Consolidated School District No. 4 and Independent School District No. 52, all in Oklahoma County. The parties will be referred to as they appeared in the trial court.

It was alleged that on September 18, 1954, the plaintiffs filed with the County Superintendent of Schools a petition containing the signatures of a majority of the School District electors in District No. 46, as verified by those who circulated the petitions. They further alleged that the petition praying for an election was duly signed by a majority of the qualified electors of District No. 46, and in full compliance with the provisions of the School Code of Oklahoma, and especially Title 70 O.S.Supp.1953 § 7–1.

Plaintiffs alleged that upon the filing of such petition it became the mandatory duty of the defendant to call an election to be held in such District and give notice thereof as provided by law, but that the defendant failed and refused and still fails and refuses to call such an election.

Plaintiffs prayed for a Writ of Mandamus requiring and compelling the County Superintendent of Schools to comply with his statutory duty by calling an election as requested in plaintiffs' petition for the purpose of annexing all of the territory of School District No. 46 in three portions to the three Districts above named.

On December 2, 1954, the court issued an alternative Writ of Mandamus, commanding the defendant to call an election within School District No. 46 to determine whether the territory of that District be annexed to the three Districts above named, as requested in the petition above described, or that he appear before the court on December 22, 1954, and show cause for his failure so to do.

On December 22, 1954, the defendant appeared and filed an answer consisting of a general denial, and alleging that on October 1, 1954, and prior to the filing of this action, an election was held annexing all of District No. 35 to District No. 46, and that the territory set forth in plaintiffs' petition does not contain the entire territory of District No. 46 as it now exists and that as a result of the election of October 1, 1954, the matters alleged by plaintiffs and sought by Mandamus were now moot, in that said matters sought by Mandamus cannot be accomplished under present existing facts.

Defendant admitted the filing of the petition by plaintiffs on September 18, 1954, and that it contained 1,046 names and that by Section 7–1, 70 O.S.Supp.1953, the defendant had five days to determine whether the petition of plaintiffs contained the required number of signatures of qualified electors in District No. 46 as required by statute, and that defendant found that the petition of plaintiffs did not contain the required number of signatures of qualified electors in the area affected in that the petition should have contained 1,262 signatures.

Defendant denied that he had been arbitrary or capricious in the matters mentioned but that he had acted carefully and found that plaintiffs' petition did not contain the required number of qualified electors, thus rendering the petition insufficient on its face to justify him in calling an election thereon.

The court heard testimony on December 22, 1954. The plaintiffs called the defendant as a witness and a large number of those who circulated the lists for the signatures of the electors. The court admitted the testimony of an expert on handwriting to show that many signatures appeared to

have been signed by the same person, especially the signatures of man and wife. Numerous exhibits were introduced. The defendant testified that about the time the petition involved here was filed with him that there was also presented to him a valid petition requesting that he call an election for the annexation for District No. 35 to District No. 46, and that he called such an election which resulted in the annexation of District No. 35 to District No. 46 on October 1, 1954.

There was no appeal from the decision of the County Superintendent that the petition for the election to annex District 46 to three other Districts was not sufficient because not signed by a majority of the qualified electors of the area affected, and no appeal was taken from the decision of the County Superintendent that the petition for the annexation of District 35 to District No. 46, was sufficient, nor from the order holding that such proposed annexation had been approved by a majority of the qualified electors of District No. 35. This occurred October 1, 1954, and no appeal from these proceedings was pending on December 2, 1954, when the petition for Mandamus was filed.

At the close of the evidence, the court issued a peremptory Writ of Mandamus requiring the defendant to call the proposed election for the division of District 46 among the three other Districts mentioned. The defendant has appealed and presents four propositions. It is first contended as follows:

"Prior to the commencement of this Mandamus action, Dependent School District No. 35 was abolished by a lawful election and was annexed to Dependent School District No. 46, and performance of the things required of defendants in the Writ of Mandamus is now impossible, since there is no Dependent School District No. 35, to which a part of Dependent School District No. 46 can be annexed. The issues of the Mandamus action as presented by the Petition for Annexation had become moot at the time of the trial in the instant case."

It should be kept in mind that prior to the institution of the present action on December 2, 1954, for a Writ of Mandamus requiring the County Superintendent to call an election on a petition proposing that District No. 46 be annexed to three other Districts, one being District 35, that District No. 35, had been annexed to District No. 46. District No. 35 had been abolished as of October 1, 1954, and no longer existed as a school district.

The fact that District 35 no longer existed was proven by the testimony of the County Superintendent who had held valid the petition for an election on the proposal to annex all of District No. 35 to District No. 46. The election had been held and its results declared. The Superintendent had declared the result of the election as being in the affirmative and declared District No. 35 annexed to District No. 46. It necessarily follows that District No. 35 was no longer in existence.

The above facts were not disputed and it was not disputed that plaintiffs were notified on September 21, 1954, that the County Superintendent rejected their petition as insufficient because in his judgment it did not contain a majority of the qualified electors in the territory affected. Plaintiffs had 10 days within which to appeal to the District Court from the actions of the County Superintendent. They did not appeal and apparently slept on their rights from September 21 to December 2, 1954.

The case of Consolidated School Dist. No. 41 v. Dacus, 189 Okl. 400, 117 P.2d 508, is cited by the plaintiffs. It was there held under Article 9, Chapter 34, S.L. 1937, that where a sufficient petition is presented to a county superintendent he is bound to call an election upon the question of changing the boundaries of school districts and cited Musick v. State ex rel. Miles, 185 Okl. 140, 90 P.2d 631, where it was held that Mandamus is available as a remedy even where an appeal could have been taken. The 1937 law has since been repealed and it is not necessary to decide whether such ruling is effective under the law as it exists today.

Plaintiffs assert that when a petition is presented signed by a majority of the qualified electors of the District affected, " * * * there is nothing to be done upon the part of the County Superintendent * * *." If it is intended by that statement that when a petition is filed with the County Superintendent, apparently signed by a majority of the qualified electors of the area affected, he must not examine the petition to determine if it contains sufficient names to warrant his calling an election, we cannot agree with this statement. Suppose it is apparent that the petition does not contain the signatures of a majority of the qualified electors, then the County Superintendent would not have the authority to call an election. We think it must be inferred that the Superintendent examine the petition and determine that it is or is not sufficient to authorize the calling of an election. If he finds it is not sufficient, his plain duty would be to deny the petition as was here done. In the case of Board of Com'rs of Carter County v. Woodford Consol. School Dist., 165 Okl. 227, 25 P.2d 1057, it is said in the fifth paragraph of the syllabus:

"In the absence of a proper petition therefor signed by the required number of qualified electors, a county superintendent is without authority of law to call an election for the purpose of voting on whether or not a consolidated school district should be formed."

In the more recent case of Littlefield v. Howery, Okl., 266 P.2d 957, 958, the Court quoted from Barnett v. Allen, 205 Okl. 469, 238 P.2d 811, as follows:

" 'Where a petition requesting the calling of a school district election to determine a question which is clearly stated in the petition and no protest or objection is made to its sufficiency a finding by the county superintendent that it is sufficient to authorize the calling of the election is conclusive as against objection first made after the result of the election is determined.' "

We think it clear that when a petition changing the boundaries of a school district is presented to the County Superintendent that the duty rests upon him to examine the petition carefully and determine whether it contains the real signatures of a majority of the qualified electors in the area affected. If it does not he has no authority to call an election. If he finds that it does contain the proper number of genuine signatures, it is clearly his duty to call an election.

Copies of all of the petitions presented to the County Superintendent are included in the case-made. We have carefully examined all of the signatures questioned and the similarity of signatures of husband and wife makes it extremely doubtful if many of the signatures were in fact signed by the person who bore such name. We think the County Superintendent was justified in concluding that the petition was not signed by a majority of the qualified electors of District No. 46.

However, since District 35 had ceased to exist prior to the institution of this action for Mandamus, and the proceedings extinguishing District No. 35 are not challenged, we think that an election annexing part of District 46 to a District that does not exist would result only in confusion. If the proceedings annexing District No. 35 to District No. 46 prior to the institution of this action are not valid, that fact should first be determined. As long as such proceedings stand unchallenged the proposed election here involved should not be ordered by the County Superintendent, because it would be impossible to annex a portion of District No. 46 to a District that did not exist when this action was instituted. Equity will not require the doing of a useless act.

The judgment of the trial court is reversed with directions to dismiss the petition of plaintiffs for a Writ of Mandamus.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, BLACKBIRD, and JACKSON, JJ., concur.