## In re SPRANKLE CO.

No. 8163—Opinion Filed June 6, 1917.

Rehearing Denied July 10, 1917. Opinion Corrected and Second Petition for Rehearing Denied Feb. 26, 1918.

(170 Pac. 1147.)

**1. Taxation — Assessment — Appeal—Dismissal.**

By virtue of the provisions of section 6, art. 1, c. 240, of the Session Laws of 1913, any appeal from the valuation placed upon property for the purpose of assessment should be abated and dismissed, where it is shown, that the full amount of the taxes assessed against the property has not been paid at the time and in the manner provided by law.

**2. Same.**

An appeal from the assessment of property is statutory, and the provisions of the statute authorizing and permitting appeals should be complied with.

**3. Statutes — Partial Unconstitutionality —Effect.**

Where a part of the statute is unconstitutional, that fact alone is not sufficient to authorize the court to declare the remainder void, unless all the provisions are connected and so dependent on each other, operating together for the same purpose, or otherwise so connected in meaning that it cannot be presumed that the Legislature would have passed the one without the other.

(Syllabus by Hooker, C.)

Error from District Court, Lincoln County; Charles B. Wilson, Jr., Judge.

From the county assessor's increase of the assessment on its property the Sprankle Company appealed to the County Equalization Board, and from the valuation there placed on its property, it appealed to the district court of Lincoln county, and from the reduced valuation there placed on its property, it brings error. Reversed, and cause remanded, with direction to dismiss the appeal.

Geo. P. Glaze, for Sprankle Co.

Opinion by HOOKER, C. In February, 1914, the Sprankle Company listed for assessment with the assessor of Lincoln county two dredgeboats, placing the value thereon at $10,000 each. The county assessor increased the assessment upon one of the boats to $25,000 and upon the other to $30,-000, to which action of the assessor the Sprankle Company protested and appealed to the county equalization board, and its protest was heard by the county equalization board in due time, and the valuation placed thereon by it at $25,000 for each boat. Thereafter, and in due time, an appeal was had from the county equalization board to the district court of Lincoln county. The evidence was heard, and the valuation placed thereon by the district court of $17,500 on one boat and $22,500 upon the other. From this judgment the Sprankle Company has appealed to this court, alleging as a reason for a reversal of this cause that the valuation placed thereon by the trial court was in excess of the fair cash value of the property estimated at the price it would bring at a fair voluntary sale.

At the threshold of this case we are met with this condition: The assessment was originally made by it to the assessor of Lincoln county in February, 1914. On May 28, 1914, the Sprankle Company notified the county assessor of its desire to appeal to the county equalization board, which convened on June 1, 1914; and on the 13th day of June, 1914, the county equalization board placed its valuation thereon, and on the 15th day of June, 1914, the Sprankle Company gave notice of its determination to appeal from the valuation placed thereon by the county equalization board, and on the 17th day of September, 1914, the appeal of the Sprankle Company to the District court of Lincoln county from the valuation fixed by the county equalization board upon said property was filed in the district court of Lincoln county, and on the 26th day of February, 1915, in said matter, the county attorney of Lincoln county filed a motion to abate said action and dismiss the appeal, for the reason that the taxes assessed against the said property of the appellant were long past due and had not been paid, as shown by the tax rolls in the office of the county treasurer of Lincoln county, as required by section 6, art. 1, c. 240, of the Session Laws of 1913, which motion was by the court overruled. Thereafter, on October 7, 1915, the county attorney of Lincoln county filed a motion to dismiss the appeal and abate this action, for the reason that the taxes upon said property had not been paid, as required by section 6, art. 1, c. 107, of the Session Laws of 1915, which motion was by the court overruled. From the record before us, it is agreed that these taxes had not been paid at the time these motions were filed and considered by the court, so the first question necessary for us to consider here is whether the Sprankle Company is entitled to maintain this appeal when it has failed to comply with the provisions of the statute with reference to the payment of taxes.

By reference to the Session Laws of 1913, stated above, we find that the payment of taxes is a prerequisite to the remedy of appeal as provided therein. In other words, the Legislature fixed the method and the procedure by which property owners, dissatisfied with the valuation placed upon their property for the purpose of assessment, might appeal therefrom. It is purely a statutory proceeding. Now, can a property owner accept that part of the statute which is favorable to him and refuse to comply with the other provisions of the statute embraced within the same subject-matter which may be adverse to his desires? We must answer this question in the negative. The Legislature wisely provided a method of appeal, but, in order that the public's interest might not be hampered by unnecessary delays, imposed upon the party appealing the duty of paying the taxes according to the valuation placed thereon by the proper authority. We quote section 6 at length:

"The full amount of the taxes assessed against the property of any such aggrieved person shall be paid at the time and in the manner provided by law; and if at the time such taxes or any part thereof become due, any such appeal is pending, it shall abate and be dismissed upon a showing that such taxes have not been paid. When such taxes are paid, the persons paying the same shall give notice to the officer authorized to collect them that an appeal involving such taxes has been taken and is pending. It shall be the duty of such collecting officer to hold such taxes so paid separate and apart from other taxes collected by him. If upon the final determination of

any such appeal, it shall be determined that the taxes were illegally collected as not owing to the state, county or subdivision of the county, the court shall render judgment showing the correct and legal amount of taxes owed by such appellant. and shall issue an order in accordance with the court's findings; and if such order show that the taxes so paid are in excess of the legal and correct amount due, the collecting officer shall pay to such person the excess tax, and shall take a receipt therefor."

This court in the case of Black v. Geissler, 58 Okla. 335, 159 Pac. 1124, has upheld the constitutionality of a statute being section 7, chapter 107, of the Session Laws of 1915, which is similar in principle to section 6, chapter 240, of the Session Saws of 1913. This decision of our court and the authorities there cited leave no room for doubt that the procedure provided by chapter 240, Session Laws of 1913, is a plain, adequate, and speedy remedy for the correction of any error in the assessment of equalization of property and for the recovery of any taxes which may be illegally assessed and improperly paid and must be substantially complied with. Entertaining this view of the law, we must hold that this proceeding should have been dismissed by the lower court at the time said motion was filed for a failure of the Sprankle Company to comply with the provision of the statute by paying the taxes assessed against the property. This court in Anderson v. Ritterbusch. Treasurer, 22 Okla. 761, 98 Pac. 1002, said:

"Revenue bills are those that levy taxes in the strict sense of the word, and are not bills for other purposes which may incidentally create revenue."

Section 6, art. 1, c. 240, of the Session Laws of 1913, cannot be classed as a revenue measure, and therefore is not subject to the objection that it was passed during the last five days of the session. We have a complete revenue law for the purpose of raising money to defray expenses of state, county, and municipal governments, and one that would apportion the debts justly and evenly among the taxpayers if all property owners complied with its provisions. To our minds this section is in no sense a bill for raising revenue, although it may incidentally have that effect. It does not belong to that class of revenue bills mentioned by Judge Story as those that levied taxes in the strict sense of the word.

Although certain parts of the act of 1913 may be unconstitutional, that fact alone is not sufficient to authorize the court to declare section 6, article 1, chapter 240,

thereof void, for it is disconnected and entirely independent of the unconstitutional provisions of said act, and does not operate in meaning to such an extent that it cannot be presumed that the Legislature would have passed the one without the other. This court in Re County Commissioners of Counties Comprising the Seventh Judicial District, 22 Okla. 436, 98 Pac. 557, said:

"Where a part of a statute is unconstitutional, that fact alone is not sufficient to authorize the courts to declare the remainder void, unless all the provisions are connected in the subject-matter, depending on each other, operating together for the same purpose, or otherwise, so connected together in meaning that it cannot be presumed that the Legislature would have passed the one without the other."

The doctrine announced in this case just cited has been approved and followed by this court in Ex parte Anderson, 33 Okla. 216, 124 Pac. 980, and in Pioneer Tele. & Tele. Co. v. State, 40 Okla. 417, 138 Pac. 1033. Mr. Cooley in his celebrated work on Constitutional Limitations (7th Ed.) p. 246, lays down the doctrine as announced above.

This principle is so well established in this jurisdiction it would seem that a further citation of authority entirely useless. Suffice it to say that under the authorities above quoted, section 6, art. 1, c. 240, Session Laws 1913, is upheld as constitutional and not void by reason of the fact that other sections of the act have been declared unconstitutional.

Finding no objection to the statute in question the judgment of the lower court is reversed, and this cause remanded, with directions to the trial court to dismiss the appeal of the plaintiff in error.

By the Court: It is so ordered.