## COOK v. ALEXANDER, County Treasurer, et al.

No. 10130—Opinion Filed Aug. 27, 1918.

(174 Pac. 762.)

(Syllabus.)

**Taxation — Injunction — Necessity of Payment on Tax Under Protest.**

Appeal dismissed, upon authority of In re Sprankle Co., 69 Okla. 178, 170 Pac.. 1147.

Error from District Court, Pottawatomie County; Charles B. Wilson, Jr., Judge.

Action by R. W. Cook, administrator of the estate of Enos Nichols, deceased, against R. L. Alexander, County Treasurer, and another. Demurrer to the petition sustained, and plaintiff brings error. Dismissed.

T. G. Cutlip. for plaintiff in error.

J. Harmon Lewis and Arrington & Arrington, for defendants in error.

KANE, J. This was an action wherein R. W. Cook, as administrator of the estate of Enos Nichols, deceased, brought suit against R. L. Alexander, county treasurer of Pottawatomie county, and Tully Darden, sheriff of said county, for the purpose of enjoining the defendants from collecting or attempting to collect taxes from the estate of Enos Nichols for the year 1916, and for the purpose of correcting alleged errors in the assessment of said estate for said year. To the petition of the plaintiff the defendants filed a general demurrer, which demurrer was sustained by the trial court, whereupon the plaintiff elected to stand on his petition, and commenced this proceeding in error for the purpose of reviewing this action of the trial court.

The case now comes on for hearing upon a motion to dismiss the appeal, filed by counsel for the defendants in error. upon the grounds that the petition and record show that the taxes, the collection of which plaintiff in error seeks to enjoin, have not been paid as required by section 7, art. 1, c. 107, Session Laws 1915, which provides:

"In all cases where the illegality of the tax is alleged to arise by reason of some action from which the laws provide no appeal, the aggrieved person shall pay the full amount of the taxes at the time and in the

manner provided by law. and shall give notice to the officer collecting the taxes showing the grounds of complaint and that suit will be brought against the officer for recovery of them."

Counsel for the movant contends that, inasmuch as section 6 of article 1 of chapter 240, Session Laws 1913, is identical in meaning with section 7 of article 1 of chapter 107, Session Laws 1915, the appeal should be dismissed, upon the authority of In re Sprankle Company, 69 Okla. 178, 170 Pac. 1147, wherein it was held:

"By virtue of the provision of section 6, art. 1, c. 240, of the Session Laws of 1913, any appeal from the valuation placed upon property for the purpose of assessment should be abated and dismissed, where it is shown that the full amount of the taxes assessed against the property has not been paid at the time and in the manner provided by law."

This case seems to sustain the contention of counsel for the movant, and as there is no response to the motion to dismiss filed on behalf of the plaintiff in error, or no attempt made to distinguish that case from the case at bar, the appeal herein will be dismissed at the cost of plaintiff in error.

All the Justices concur.