## WELLSTON CONSOLIDATED SCHOOL DISTRICT NO. 1 et al. v. MATTHEWS. et al.

No. 13503—Opinion Filed May 20, 1924.

Rehearing Denied Oct. 21, 1924.

Second Rehearing Denied Nov. 25, 1924.

1. **Schools and School Districts—Rights of Transferred Pupils in Consolidated School.**

Children legally transferred from adjacent school districts to a consolidated district are entitled to all the rights and privileges that are enjoyed by children residing in such district.

2. **Same—Right to Transportation.**

In a consolidated school district, where all pupils living two or more miles from the school are furnished conveyances, at the expense of the district, a pupil legally transferred from another district, when going to school over the direct traveled route, from his home to the school, which intersects the route traveled by those conveying the school children from their homes to school, at a point two miles or more from the school building, is entitled to conveyance.

3. **Same—Mandamus to Enforce Right.**

The writ of mandamus may issue requiring a school board of a consolidated school district, who have provided conveyance for children living two or more miles from school, to furnish conveyance to all pupils entitled to same.

4. **Mandamus—Procedure—Necessity for Alternative Writ.**

Where notice is given of the filing of an application for mandamus, and the defendant appears and files answer, and on the hearing of the matter a peremptory writ of mandamus is issued, such proceeding is not in contravention of the statute requiring that an alternative writ must first be issued.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Lincoln County; Hal· Johnson, Judge.

Action by George H. Matthews and others against Wellston Consolidated School District No. 1 et al. Judgment for plaintiffs, and defendants appeal. Affirmed.

Erwin & Erwin, for plaintiffs in error.

Foster & Feuquay and Emery A. Foster, for defendants in error.

Opinion by JONES, C. The defendants in error, plaintiffs in the lower court, · George H. Matthews, Henry Green, and John L. Ford, filed their petition asking for writ of mandamus, in the district court of Lincoln county, state of Oklahoma, on the 20th day of October, 1921, wherein they allege that they are residents of school districts in Lincoln county, adjacent to Wellston Consolidated District No. 1, and that each of said plaintiffs have had certain of their children legally transferred from the district of their residence to the above said district. That said consolidated district has provided transportation for all children living two miles or more from the school building located in said district, and these plaintiffs further allege that pursuant to said order of transfer, they conveyed their children to a point in said consolidated district, and along the route which was traveled by those employed to convey the children to school, and that the driver of the trucks conveying the children, under the direction of the school board, the appellants herein, defendants in the lower court, refused to convey their children, and this action was instituted to mandamus said school board, requiring that the children of these plaintiffs be conveyed as other children.

Notice was duly given of the application for mandamus and the defendants responded, and in their answer allege numerous defenses, or reasons why the writ of mandamus should not issue, but the principal contention, and the one most seriously urged, is, that there is no provision of law which authorizes the officers of the district, the defendants herein, to convey pupils to school who have been transferred from another district. They also raise the question that the court was in error in granting the peremptory writ of mandamus without first granting an alternative writ.

The cause was submitted to the court on October 22, 1921, and resulted in judgment in favor of the plaintiffs, and the issuance of a peremptory writ of mandamus, from which judgment of the court the appellants duly appeal, and set forth numerous assignments of error, and present their argument under two different propositions: First, that the decision and judgment of the court was not sustained by the evidence, and is

contrary to law. From an examination of the record, we find no material conflict in the evidence: the facts disclosed by the record show that the plaintiffs resided in school districts adjacent to the defendant school district, and that their children were duly transferred to the Wellston Consolidated School District: that at the beginning of the school term the parents of said children, plaintiffs herein, conveyed their children to a point within the defendant district and along the route traveled by the trucks conveying the children to school, and requested that their children be conveyed, which was refused as heretofore stated.

The law of this state, section 446, Comp Stat. 1921, provides:    ff

"The writ of mandamus may be issued by the Supreme Court or the district court, or any justice or judge thereof, during term or at chambers, to any inferior tribunal, corporation, board or person, to compel the performance of any act which the law specially enjoins as a duty resulting from an office, trust or station; but though it may require an inferior tribunal to exercise its judgment or proceed to the discharge of any of its functions, it cannot control judicial discretion."

And while appellants make some contention that there is no authority for the issuance of the writ in cases of this character, we think the law clearly covers such a case as the one at bar, and section 449, Comp. Stat. 1921, provides that:

"When the right to require the performance of the act is clear, and it is apparent that no valid excuse can be given for not performing it, peremptory mandamus may be allowed in the first instance, in all other cases the alternative writ must first be issued."

This statute, as we view it, is for the benefit of the defendant in the case, requiring the court to issue an alternative writ in the first instance in cases where the right to issue the writ is in doubt, or not clear, to the end that the defendant may appear and show cause why a peremptory writ should not be granted We do not think this question very material, however, in this case, as notice was given in lieu of the issuance of an alternative writ and the defendants responded, and the matter was regularly tried out and the writ granted, and under these circumstances we cannot see how the rights of the defendants could have in any wise been prejudiced, and the appearance of the defendants constitutes a waiver of such irregularity.

We also feel that it was apparent from the pleadings filed that no valid excuse could be given for not performing the du-

ties incumbent upon them by law, so in no event can we agree with counsel for appellants in this particular. Section 10465, Comp. Stat. 1921, sets forth the law that is necessary for the court to construe in this case, and reads as follows:

"The powers and duties of the district boards herein provided and of the several officers shall be the same as those provided by law for school districts and their several officers and in addition it shall be the duty of said district board to provide transportation to and from school for all pupils residing two or more miles therefrom in suitable vehicles of ample size, with comfortable seats, arranged to conform to the size of the pupils to be carried, with adjustable covers for the comfort and protection of the pupils, drawn by stout, gentle teams, driven by competent persons of good moral character, who shall have control of the pupils during their transportation. Provided, that any consolidated school district may, by a majority vote of the legal voters present, and voting at any annual meeting, provide free transportation for all pupils under ten years of age, in said district whether living more than two miles or not, and such free transportation shall then be furnished all pupils under ten years of age residing in the district until a change shall be ordered at an annual meeting of such district by a majority vote of all the legal voters present and voting at such meeting. Provided, further, that all independent school districts having the area, population and assessed valuation equal to that required of consolidated school districts, as provided by law, shall have the authority to provide transportation for pupils as provided by law. Provided, further, that the school board may provide motor transportation for pupils as provided in this Act, which may be either hired or purchased by the school board of said consolidated district."

And the portion which is especially pertinent in this cause is, that which provides:

"And in addition it shall be the duty of said district board to provide transportation to and from the school for all pupils residing two or more miles therefrom," etc.

No authority is cited wherein this particular provision of the statute has ever been construed as applying to pupils transferred from adjacent districts, and we have been unable to find where our court or any other court has ever passed on this or a similar statute, in this particular. But we are inclined to the opinion that the judgment of the trial court in this case was based on common sense and justice, and was a correct interpretation of the law.

Sections 10598 to 10608, Comp. Stat. 1921,

inclusive, provide for and govern transfer of pupils. It is a question that must be properly submitted to the county superintendent and all constituted authorities concerned, and to all districts concerned, and if the transfer is granted, it becomes binding and effective on all concerned. Section 10604 provides:

"Fees for all transfers shall be based upon the previous year prorata expense for pupils in the district for which the transfer is made, tuition for common schools and high schools estimated separately."

Under the law as above quoted it is clearly the duty of the school board of the district from which transfers are made to compute the additional expenses incurred by the district to which the pupil is transferred by reason of the transfer and prorate the expense as above provided, according to the expense of each pupil for the previous year, and should the board make some immaterial miscalculation in prorating the expense and fail to assess all that they may be entitled to collect from the district from which the pupil is transferred, this would not justify, in our judgment, a discrimination against the pupil such as was practiced in this case, and yet, we would not hold that it was the duty of the defendant school district in this case to go outside of the district for the purpose of conveying pupils from other districts from which they had been transferred, as such a holding would not be in keeping with good reason and justice, and might require great additional expense and inconvenience, but where the transferred pupil is conveyed to a point within the district, and into a vicinity in the district where other children of the same age are being transported to school, then we see no reason why this pupil should be discriminated against when she has placed herself within the district, and is in the same attitude and condition of all other pupils of like kind.

Appellees call attention to section 10576, Comp. Stat. 1921, which provides in the last clause thereof:

" * * * And such child shall have all rights and privileges of the district to which it is transferred that are enjoyed by children resident in such district."

Appellants call attention to the fact that this provision is found in the statutes relative to separate (colored) schools, and contend that it has no reference at all to consolidated schools where transportation is furnished. It, however, announces a correct rule of law, and from a reading of the preceding section, 10575, we think it applies to all classes of pupils, and if there were no such provisions, and conceding that it does not directly apply to the case at bar, it is only an expression of common sense and justice and should be the law, whether there are such statutes or not, unless the Legislature had seen fit to enact some provision directly in opposition to such a rule. We can conceive of no theory or condition that will justify such a discrimination as was here made between children, pupils of the same district.

Appellants urge that mandamus should not issue for the reason that no special fund was created for the conveyance of pupils transferred to the district, and cite numerous authorities in support of the well known rule that no expense can be incurred when there is no fund available, but no mandamus is asked requiring the officer to draw warrants against the fund, the question involved is that of transportation. And it is evident that there was a transportation fund, and in our judgment all pupils attending the school entitled to conveyance are entitled to participate in the fund until the fund has been exhausted, and then all alike would be deprived of conveyance.

Our reasoning may not convince the mind of appellants, but we feel that it will be satisfactory to the mind of the school boy or girl who was passed by on his way to school by a truck load of his playmates comfortable seated in a modern truck, who was refused passage, and forced to walk while others similarly situated rode. Much might be said in commendation of our modern school system, but nothing is of greater importance than that it be governed and administered without discrimination, and in a spirit of justice and fairness to the end that the youths of our land may have a clear and correct conception of the great underlying and fundamental principles of good character and citizenship and a proper respect and due regard for our government, and our institutions, and the administration of government fairly and without discrimination is indispensable to such condition.

Believing the judgment of the trial court to be a just construction of the statute involved, we therefore recommend that the cause be affirmed.

By the Court: It is so ordered.