**BROSHEARS, Mayor, v. ROBERTSON et al.**

No. 23245. Opinion Filed June 21, 1932.

Owen Black, for plaintiff in error.

Amil H. Japp, for defendants in error.

HEFNER, J. This is an action in mandamus originally brought in the district court of Comanche county by R. L. Robertson and R. H. Cotney against Jackson Broshears, mayor of the city of Lawton, to compel him to call an election to determine the question as to whether the qualified electors residing in that city desired to adopt a charter form of government, and to elect a board of freeholders to prepare and submit a charter for adoption. Defense was that the petition and proceedings were insufficient in form to authorize the calling of an election. The trial court held against defendant and issued the writ.

Defendant contends that the petition was insufficient for the reason that it failed to contain a recital that each signer certified that he personally signed the petition and that he was a legal voter of the city, as required by section 6625, C. O. S. 1921; and that the proceedings were insufficient for the reason that the petition signed by the electors requesting that an election be called was not filed with the city clerk and that the city clerk did not certify to him the sufficiency of such petition. It is his theory that it was essential that these provisions should be complied with in order to authorize the calling of an election, and in support thereof he relies upon section 6647, C. O. S. 1921, which in part provides:

"In all cities, counties and other municipalities which do not provide by ordinance or charter for the manner of exercising the initiative and referendum powers reserved by the Constitution to the whole people thereof, as to their municipal legislation, the duties required of the Governor and Secretary of State, by this chapter, as to state legislation shall be performed as to such municipal legislation by the chief executive and chief clerk; and the duties required by this chapter of the Attorney General shall be performed by the attorney for the county, district, or other municipality."

Under this provision of the statute, the electors of a city, which is not operating under a charter form of government that provides the method under which measures should be initiated, must comply with the general law relating to the initiative and referendum before they can compel the calling of an election. This procedure, however, is not applicable to the calling of an election for the purpose of determining whether the qualified electors residing within a city desire to adopt a charter form of government. Such procedure is governed by sections 3 (a) and 3 (b), art. 18, of the state Constitution, sections 4499 and 4500, C. O. S. 1921.

Section 3 (a), in part, provides that any city of a population of 2,000 or more may frame a charter for its own government, and may select a board of freeholders to draft a chapter. Section 3 (b) provides:

"An election of such board of freeholders may be called at any time by the legislative authority of any such city, and such election shall be called by the chief executive officer of any such city within ten days after there shall have been filed with him a petition demanding the same, signed by a number of qualified electors residing within such city, equal to 25 per centum of the total number of votes cast at the next preceding general municipal election; and such election shall be held not later than 30 days after the call therefor. At such election a vote shall be taken upon the question of whether or not further proceedings toward adopting a charter shall be had in pursuance to the call, and unless a majority of the qualified electors voting thereon shall vote to proceed further, no further proceeding shall be had, and all proceedings up to that time shall be of no effect."

Section 4500, supra, provides:

"Any city or town containing a population of more than 2,000 inhabitants may frame a charter for its own government, consistent with and subject to the Constitution and laws of this state, by causing a board of freeholders composed of two from each ward, who shall be qualified electors of said city or town to be elected by the qualified electors of said city or town at any general or special election, whose duty it shall be within 90 days after such election, to prepare and propose a charter for such city or town, which shall be signed in duplicate by the members of such board, or a majority of them, and return one copy of said charter to the chief executive officer

of such city or town, and the other to the register of deeds of the county in which said city shall be situated."

It will be observed that neither the Constitution nor the statutes, in cases of this character, provide for the filing of the petition with the city clerk; nor is it required that he certify to the mayor the sufficiency of the petition; nor does the statute provide the form of petition to be used in such cases. Section 3 (b), supra, provides that where a petition is filed with the mayor, signed by a sufficient number of qualified electors, equal to 25 per centum of the total number of votes cast at the next preceding general election, the mayor shall call the election for the purpose of determining whether the city desires to adopt a charter form of government.

The procedure to be followed by the electors in cases of this kind is different to that provided for initiating a measure or invoking the referendum; they are two separate and distinct procedures. The proper procedure has been followed in the instant case and the court committed no error in granting the writ.

The judgment is affirmed.

RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.