### FULLER v. GETZ et al.

No. 25363.    June 19, 1934.

Application to Modify Opinion Denied Sept. 11, 1934.

Chas. E. Bledsoe and Stevens & Cline, for plaintiff in error.

Amil H. Japp, for defendants in error.

BAYLESS, J.    This is an action for mandamus originally brought in the district court of Comanche county by D. R. Getz, Roxey Cotney, N. H. Lewis, J. C. Barnes, C. A. Ferris, and Geo. Young against Walter Fuller, mayor and chief executive of the city of Lawton, to compel him (Fuller) to call an election to determine the question as to whether the qualified electors residing in that city desired to adopt a charter form of government and to elect a board of freeholders to prepare and submit a charter for adoption. Defense was that the signatures to the petition had been procured in a number of instances by fraud; that the preceding general election was not a proper criterion to measure the number of signers required; that at previous elections this question has been defeated; and that the city had no funds available to pay for such election. On motion of the plaintiff below an amendment to the answer, erroneous'y termed an amended answer, was filed, giving the names of the parties who it is alleged misrepresented the purpose of the petition, and also a list of some 437 names which the defendant below alleged did not appear on the books of the various precinct registrars of the city of Lawton. The plaintiffs below filed a motion for judgment on the pleadings, which was sustained by the trial court and the writ of mandamus issued. The defendant will be hereinafter referred to as plaintiff in error and the plaintiffs as defendants in error. The contentions of the plaintiff in error are as follows:

"First, that the court erred in sustaining the motion of plaintiff for judgment on the pleadings.

"Second, that the court erred in entering judgment in said cause directing a peremptory writ of mandamus as set out therein."

As said by this court in Finley v. Territory of Oklahoma ex rel. Keys, 12 Okla. 621, 73 P. 273:

"The pleadings in proceedings in mandamus are, by the Code, to be construed as

pleadings in ordinary actions. Hence a demurrer to the answer can only be rightfully sustained when the answer in fact contains no defense to plaintiff's cause of action. (Crans v. Francis, Treas., etc., 24 Kan. 750.)"

And as we have said in Scott et al. v. Woods Lumber Co., 86 Okla. 185, 207 P. 449:

"A motion for judgment on the pleadings presents two questions to the court in the following order: (1) Is there any issue of material fact? And if no issue of material fact is presented by the pleadings (2) which party is entitled to the judgment?"

And in Baker v. Gaines Bros. Co., 65 Okla. 192, 166 P. 159, it is said:

"Where a petition states a cause of action, and the answer fails to set up a legal defense, judgment on the pleadings for plaintiff may properly be rendered."

Measured by these rules, the petition of the defendants in error must be construed in the light of the decision of this court in the case of Broshears, Mayor, v. Robertson et al., 158 Okla. 47, 12 P. (2d) 532, wherein the procedure applicable in the instant case was laid down in the following language:

"* * * Such procedure is governed by sections 3 (a) and 3 (b), art. 18, of the state Constitution, secs. 4499 and 4500, C. O. S. 1921.

"Section 3 (a), in part, provides that any city of a population of 2,000 or more may frame a charter for its own government, and may select a board of freeholders to draft a charter. Section 3 (b) provides:

"'An election of such board of freeholders may be called at any time by the legislative authority of any such city, and such election shall be called by the chief executive officer of any such city within ten days after there shall have been filed with him a petition demanding the same, signed by a number of qualified electors residing within such city, equal to 25 per centum of the total number of votes cast at the next preceding general municipal election; and such election shall be held not later than 30 days after the call therefor. At such election a vote shall be taken upon the question of whether or not further proceedings toward adopting a charter shall be had in pursuance to the call, and unless a majority of the qualified electors voting thereon shall vote to proceed further, no further proceeding shall be had, and all proceedings up to that time shall be of no effect.'

"Section 4500, supra, provides:

"'Any city or town containing a population of more than 2,000 inhabitants may frame a charter for its own government, consistent with and subject to the Constitution and laws of this state, by causing a board of freeholders composed of two from each ward, who shall be qualified electors of said city or town to be elected by the qualified electors of said city or town at any general or special election, whose duty it shall be, within 90 days after such election, to prepare and propose a charter for such city or town, which shall be signed in duplicate by the members of such board, or a majority of them, and return one copy of said charter to the chief executive officer of such city or town, and the other to the register of deeds of the county in which said city shall be situated'

"It will be observed that neither the Constitution nor the statutes, in cases of this character, provide for the filing of the petition with the city clerk; nor is it required that he certify to the mayor the sufficiency of the petition; nor does the statute provide the form of petition to be used in such cases. Section 3 (b), supra, provides that where a petition is filed with the mayor, signed by a sufficient number of qualified electors, equal to 25 per centum of the total number of votes cast at the next preceding general election, the mayor shall call the election for the purpose of determining whether the city desires to adopt a charter form of government.

"The procedure to be followed by the electors in cases of this kind is different to that provided for initiating a measure or invoking the referendum; they are two separate and distinct procedures. The proper procedure has been followed in the instant case and the court committed no error in granting the writ."

The petition of the defendants in error complied with the requirements hereinabove outlined and was sufficient to state a cause of action.

The answer of the plaintiff in error contained no denial of any of the allegations in the petition, but contended that 250 of the names on the petition submitted by defendants in error were obtained by fraud or misrepresentation; that the election of April 4, 1933, was not such general municipal election as to constitute a proper gauge as to the number of signers required by the Constitution and the statutes, and that 281 signers on the petition presented by defendants in error had withdrawn their names therefrom; that no funds were available to pay for a special election as the city in making up its budget had not anticipated any special election and had made no appropriation therefor. As to the statement of misrepresentation and fraud in procuring signers, we are of the opinion that

the holding of this court in Stearns, Mayor, et al. v. State ex rel. Biggers, Co. Atty., et al., 23 Okla. 462, 100 P. 909, wherein we said:

"In a return to an alternative writ, commanding the members of a city council to show cause why a peremptory writ should not issue commanding them to canvass all the returns of an election held for the purpose of selecting freeholders to prepare and propose a charter, the respondents answered that the votes from one ward had been fraudulently and falsely canvassed and returned by the election board of said ward, so as to change the result of the election, for which reason they refused to canvass the returns from said ward. Held, that a motion to strike said allegations from the return was properly sustained by the trial court"

—governs, and therefore, this allegation in the answer presented no defense.

As to the contention that the election of April 4, 1933, was not such general municipal election as to constitute a proper gauge to the number of signers, unfortunately for plaintiff in error, the Constitution and statutes, supra, expressly provide that it shall constitute such gauge; and section 6011, O. S. 1931, expressly provides that such election was the general municipal election, and the record shows that it was the next preceding one to the filing of the petition with the plaintiff in error. As respects the contention that the city of Lawton had not made an appropriation to provide for such special election, we are of the opinion that what we said in Wellston Cons. School Dist. v. Matthews, 104 Okla. 185, 230 P. 741, is sufficient. Thus it appears that the answer of the plaintiff in error wholly failed to present any issue of material fact, and that thereupon it became the duty of the trial court to sustain the motion for judgment on the pleadings, and the plaintiff in error having elected to stand on his answer, it was proper to enter judgment for the defendants in error.

As we have said in State ex rel. Whitson v. Bd. of Commissioners, Ellis County, 65 Okla. 273, 166 P. 423:

"Mandamus lies to compel any inferior tribunal, corporation, board, or persons to perform any act which the law specially enjoins as a duty resulting from an office, trust, or station, but the remedy cannot be used to control judicial discretion. Mandamus is sometimes loosely treated in opinions of the courts as if it were an equitable remedy. It is not equitable in its nature, but is an extraordinary legal remedy. It only lies where a clear and undisputable legal duty exists to perform an act, and cannot be invoked where there is a plain, adequate, and speedy remedy in the ordinary course of law."

Section 3 (b), art. 18, of the Constitution, and section 6431, O. S. 1931, provide how and when an election for freeholders may be called, and we have expressly laid down the rule in Broshears v. Robertson, supra, so that it follows that when a petition is presented, as required by said section of the Constitution and the statutes, to the mayor or chief executive officer of a city, that a clear legal duty rests upon said mayor or chief executive officer to call the election for the purpose named. It may be that such action will appear at times unnecessary and unduly expensive, but such condition is one that this court cannot prevent. The framers of the Constitution have given this privilege to the voters of the cities of Oklahoma and it may not be abridged by the courts. The only remedy is to educate the citizens of the respective communities so that the power granted them by the Constitution and statutes will not be abused. As the duty imposed on the plaintiff in error was purely ministerial, and the defendants in error showed a clear legal right to the performance of said duty, and the plaintiff in error wholly failed to set up in his answer any legal defense thereto, we are of the opinion that the trial court proceeded properly in the issuance of the writ.

Therefore, judgment of the lower court is affirmed.

RILEY, C. J., and SWINDALL, McNEILL, and WELCH, JJ., concur.