MUSICK, County Supt., v. STATE ex rel. MILES.

No. 28442. Nov. 29, 1938.

Rehearing Denied May 16, 1939.

T. R. Blaine, for plaintiff in error.

Simons, McKnight, Simons, Mitchell & McKnight, for defendant in error.

DAVISON, J. This mandamus action is presented to us on appeal from the district

court of Kingfisher county. It involves the proposed detachment of territory now constituting a portion of school district C-3 of Kingfisher county, a joint district located in Kingfisher, Major, and Garfield counties, and the attachment thereof to school district No. C-3 of Major county, an independent school district, including the incorporated town of Ames, Okla.

The change of school district boundaries is sought to be accomplished under authority of article 9, chapter 34, S. L. 1937, title 70, Okla. St. Ann. sec. 182 (House Bill No. 203, amending sec. 6860, O. S. 1931), which reads in part as follows:

"Territory outside the limit of any city or town within an independent district may be added to such city or town for school purposes, upon petition to the county superintendent of public instruction by a majority of the qualified electors of the territory desiring to be attached to such city or town and by a majority of a special meeting of the legal voters in the territory petitioning to be attached to the independent district, summoned by the county superintendent, and voting by secret ballot on ballot furnished by the county superintendent, who shall issue an order attaching such territory to such city or town for school purposes, and such territory shall, after being attached, from the date of such order, be and compose a part of such city for school purposes only. * * *

"That if any party or parties should object to the changing of school district boundaries, they shall have the right of appeal as provided for appealing from the decision of such county superintendent in changing the boundaries of other school districts; and provided further, that the boundary of any district shall not be changed in annexing territory to an independent district, or to a city or town, constituting an independent district, so that the assessed valuation of the original district shall be reduced more than five per cent. of the assessed valuation."

A majority of the qualified electors in the territory intended to be annexed signed a petition designed for that purpose, and presented it to the county superintendents of Kingfisher, Garfield, and Major counties, who were all at the office of the county superintendent of Kingfisher county. The proceeding thus adopted was deemed appropriate in view of sections 6796, 6797, O. S. 1931, title 70, secs. 91, 92, Okla. St. Ann., which provide in part that the boundaries of a joint district shall not be changed except by joint action of the superintendents of the several counties represented in said district.

When the petition was presented, the county superintendents of Garfield and Major counties signified their intention to act on the same by calling a meeting of the electors in the territory proposed to be attached for the purpose of voting on the question. The county superintendent of Kingfisher county refused to act on the matter, asserting her authority to refuse was based upon discretion vested in her.

Thereafter this mandamus action was commenced for the purpose of compelling her to join with the others in calling a meeting of the electors in the territory involved to vote upon the question. At the conclusion of the hearing the trial court issued a peremptory writ. This appeal is prosecuted to reverse that decision.

From her brief herein filed, it appears that the plaintiff in error has abandoned her position that, under the statute, she is vested with discretion in determining whether or not an election should be called when the petition contemplated by statute has been filed. Her abandonment of this position, no doubt, arises upon consideration of the history as well as the wording of the statute. Section 6860, O. S. 1931, prior to its amendment, provided for the annexation of territory by order of the county superintendent upon the presentation of a petition, "if he deem it proper and to the best interest of the school of such city or town." This phrase vesting the discretion to decide the question was not carried forward into the amendatory act. In lieu thereof the provision for calling an election was inserted. Presumably the change was made advisedly and with a view of relegating the power theretofore vested in the county superintendent to voters of the area most immediately affected. Apparently the parties, although originally at variance, are now agreed upon this point of construction.

The burden of plaintiff in error's complaint in this court is that the law is invalid upon constitutional considerations.

It is specifically urged that the title of the act is insufficient to support the provision in the body of the act requiring the calling of an election. This contention is based upon section 57, article 5, of the Oklahoma State Constitution, which provides in part that "every act of the Legislature * * * shall be clearly expressed in its title. * * *"

The title of House Bill 203 and Session Laws 1937 reads:

"An act amending section 6860, Oklahoma

Statutes, 1931; relating to attaching adjacent territory, boundary changes and bonded indebtedness; and declaring an emergency."

The plaintiff in error urges that, since specific reference to an election is not made in the title of the act, the election provision is nugatory.

"An act to amend a particular section of a general law is limited in its scope to the subject matter of the section proposed to be amended. Such amendment ex vi termini implies merely a change of its provisions upon the same subject to which the original section relates." Pottawatomie County v. Alexander, 68 Okla. 126, 172 P. 436: State v. Morley, 168 Okla. 259, 34 P.2d 258.

The constitutional provision under consideration is not to be construed in such a manner as to hamper or unreasonably restrict the Legislature. The title limits the scope of the act, but it is not essential that every detail of a legislative act be forecast in its title. Traders Compress v. Precure, 107 Okla. 191, 231 P. 516; Cornell v. McAlister, 121 Okla. 285, 249 P. 959; In re County Commissioners of Counties Comprising Seventh Judicial Dist., 22 Okla. 435, 98 P. 557.

Under the foregoing considerations, the title to the act now before us is sufficient. The section amended related to the annexation of territory to independent districts and prescribed a procedure for that purpose. The amendatory act related to the same subject, and the particular change complained of merely amounts to a change in the means and procedure designed for the accomplishment of the purpose of the act. The change made was within the proper purview of the amendatory act when the subject matter of the section amended is taken into consideration. The title of the act, as an amendatory act, is sufficient. We so hold.

The plaintiff in error also sets forth eleven other numbered specifications or propositions, in each of which complaint is made that the act is in violation of some provision or principle of constitutional law. No attempt, however, is made to separately argue or cite authorities in support of those specifications. In fact, concrete and separate application of them to the legislative act now before us is not attempted. They are undertaken to be presented collectively without epitomization. The method of approach is contrary to Rule 10 of this court, which provides in part that;

"The contentions of the parties must be set forth in separate specifications, and the argument and authorities in support of each specification must follow the statement thereof." An attempt on our part to treat separately the various contentions thus made would involve an academic treatment of constitutional law not warranted in a judicial decision. We do not, however, choose to completely ignore the arguments because of a failure to comply with the court rule.

The plaintiff in error's complaint under these specifications (as determined from an examination of the argument) is directed at that portion of the amendatory act giving or purporting to give to the county superintendent power to apportion bonded indebtedness in connection with the attachment of territory. Regardless of the merits of the complaint, we regard the matter as not a proper subject of consideration in this appeal, for the reason that the clause is a severable portion of the act. It might fall without destroying the remainder thereof. If a portion of a statute is invalid, the remainder of the act will not be declared void unless the objectionable provision is so inseparably connected with the remainder of the act that it cannot be presumed the Legislature would have passed the act without the objectionable feature. In re Sprankle Co., 69 Okla. 178, 170 P. 1147; Pioneer Tel. & Tel. Co. v. State, 40 Okla. 417, 138 P. 1033; In re Commissioners Comprising the 7th Judicial Dist., 22 Okla. 435, 98 P. 557; Sterling Refining Co. v. Walker, 165 Okla. 45, 25 P.2d 312; State ex. rel. v. Waterfield, 167 Okla. 209, 29 P.2d 24; Gilmer v. Hunt, 167 Okla. 175, 29 P.2d 59. In mentioning this rule it is not to be assumed that we are intimating that the clause alluded to is unconstitutional. We do not pass on that point because the matter of apportionment of indebtedness is not now before us and because the clause, if invalid, would not and does not affect the provision of the act with which we are now concerned.

We find no valid constitutional objection to the act, considered as a whole. The wisdom of the act is, of course, beyond the scope of our inquiry. The Legislature is by mandate charged with the duty of establishing a public school system. Article 13, section 1, Oklahoma State Constitution. The method employed by it to discharge the burden thus imposed is largely within its discretion. It may create, abolish, or change the boundary of a school district

without consulting the inhabitants, or may vest the power in a subordinate agency. School District No. 17 of Garfield County v. Zediker, County Superintendent of Public Instruction, 4 Okla. 599, 47 P. 482. Obviously the Legislature may authorize the power to be exercised by the portion of the electorate most immediately affected.

It is next urged that mandamus will not lie because an appeal could and should have been taken. The principle invoked by plaintiff in error, while well recognized (Halliburton v. Williams, Judge, 166 Okla. 248, 27 P.2d 360; Southwestern Natural Gas Co. v. Vernor, Dist. Judge, 178 Okla. 344, 62 P.2d 1262), is not applicable in this case.

The law ordinarily does not contemplate successive appeals in connection with the same proceeding, and when an appeal is provided by statute, it is generally said to relate to the final order rather than some intermediate or interlocutory order. This rule is not limited to court proceedings, but is applicable to proceedings of an administrative or quasi-judicial character. Compton v. Simpson, 43 Okla. 642, 143 P. 664. In connection with the statute under consideration, two important steps are contemplated, the first an order or act calling an election; second, an order deciding the question of arbitrary boundaries. The latter is the final order and the one from which this appeal is contemplated. A different question, upon which we express no opinion, would, of course, be presented upon this point, if the plaintiff in error had chosen to act, in conjunction with the other superintendents, and then refused to call an election upon the ground that the petition was insufficient. See, generally, Wrightsman et al. v. Southwestern Natural Gas Co., 173 Okla. 75, 46 P.2d 925. The act here considered, namely, that of calling an election (a sufficient petition having been presented), is ministerial in its character as well as preliminary to the ultimate order contemplated. The county superintendent's duty in this respect is comparable to the duty of a city mayor to call elections under certain circumstances. In such a case mandamus is deemed an appropriate and available remedy when the clear legal right to the performance of such duty is shown. Fuller v. Getz et al., 168 Okla. 617, 36 P.2d 265; see, also, Norris et al. v. Cross, Secy. of State, 25 Okla. 287, 105 P. 1000; Peed v. Gresham et al., 53 Okla. 205, 155 P. 1179; Looney v. Leeper, Secy. of State, et al., 105 Okla. 202, 292 P. 365.

The plaintiff in error's contention on this point cannot be sustained. The judgment of the trial court is affirmed.

OSBORN, C. J., and RILEY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. BAYLESS, V. C. J., absent.